# EXHIBIT 1

| | |
|---|---|
| Ryan Craig Stevens<br>23 Sleepy Hollow Lane<br>Swannanoa, NC 28778<br>(865) 469-1950<br>Ryan_Stevens316@icloud.com<br><br>Plaintiff in Pro Se | Dr. Paul J. Maurer<br>Montreat College<br>310 Gaither Circle<br>Montreat. NC 28757<br>(828) 669-8012 Ext. 3721<br>President@Montreat.edu<br><br>Defendants |

**STATE OF NORTH CAROLINA**
**SUPERIOR COURT**

| | |
|---|---|
| RYAN CRAIG STEVENS<br><br>    Plaintiff,<br><br>v.<br><br>MONTREAT COLLEGE,<br><br>and<br><br>DR. PAUL J. MAURER, DR. DANIEL BENNETT, DR. DOROTHEA SHUMAN, DR. RYAN ZWART (MONTREAT COLLEGE PERSONNEL),<br><br>    Defendants. | Case No: 22CV 03965<br><br>**PLAINTIFF'S COMPLAINT SEEKING DAMAGES**<br><br>RE: Tort liability and criminal offense: Gross misconduct and negligence, failure of due process; constitutional, civil, and state rights violations. |

Your Honor,

Thank you for your valuable time, honorable service, and utmost attention regarding this important matter. In advance, I apologize for the inconvenience of acting in Pro Se. Your consideration is truly appreciated. It means a lot to me, my parents, and the rest of the family.

**SUMMARY**

This matter between Ryan Craig Stevens ("Plaintiff") and Montreat College and Personnel ("Defendants") regards Plaintiff's claim Defendants have committed tort and criminal violations against him, consisting of

gross misconduct and negligence, including, but not limited to: 1) deception of misleading Plaintiff Montreat College accepted common Christian beliefs that may be implemented by students within the college environment, including academics; 2) restriction of Plaintiff's common Christian faith-based beliefs, requiring him to change relevant speech subjects and topics, and to exclude his religious opinion from assignments and the classroom environment; 3) age discrimination of Plaintiff in which Defendants made derogatory comments about his age; 4) decision to administratively drop Plaintiff from a required course; 5) promotion of LGBTQ agenda via the distribution of handouts consisting of inappropriate content and website pages; 6) demand for Plaintiff to use preferred pronouns; 7) forceful requirement for Plaintiff to share the restroom and tent with the opposite gender (failing to honor Plaintiff's accommodation demand); 8) bullying misconduct of Plaintiff, including threats (e.g., fail Plaintiff if he did not change the speech subjects and topics, charge him $100.00 if he did not complete an application by a particular date, implied lawsuit if he notified anyone of the misconduct), verbal, emotional, and non-physical sexual abuse; 9) academic interference (e.g., demanding a tutor to discontinue services from Plaintiff, unreasonably reducing assignment and course grades); 10) unlawful intimidation misconduct of falsely reporting to law enforcement Plaintiff stood the dean up for not attending an unknown meeting in which email notification was untimely, as it was within seven business hours; 11) failure to meet due process; 12) failure to notify authorities of the misconduct; 13) failure to reasonable correct the misconduct; 14) failure to act reasonably, including the failure to conduct a reasonable (appropriate, proper, thorough, and timely) investigation of Plaintiff's complaints, concerns, and requests, concerning the personnel's gross misconduct; 15) intentional, frivolous, and unlawful attempt to hide the gross misconduct; 16) lies; 17) purposefully misconstruing facts; 18) slander; 19) libel; 20) notifying Plaintiff's employer of confidential matters, causing him to resign; 21) failing to meet due process; 22) failure to reasonably permit Plaintiff to retain counsel; and 23) depriving Plaintiff from graduating, alienating him, ruining his friendships, tarnishing his record, defaming his character, severely damaging his life, goals, and dreams.

Plaintiff chose to attend Montreat College (a private religiously affiliated [interdenominational] educational institution) in order to be part of a Christ-centered community that encourages the love of Jesus Christ,

especially through academics in which he received honorable recognition for academic excellence. However, Defendants severely interfered with Plaintiff's academics (e.g., demanding him to change his relevant speech subjects and topics, reducing his assignment grades and course grades, not reasonably considering his academic grievances), including his liberty to reasonably express common Christian faith-based beliefs the college claims to believe, without excluding the belief that Jesus is the answer, while discriminated Plaintiff, due to his age and religious beliefs, which were not contrary to the institution's policies, nor beliefs, but rather despised by a few personnel to the degree they conducted acts of gross misconduct and gross negligence in which Defendants (particularly, the dean, Dr. Bennett) intentionally hid the gross misconduct, including, but not limited to: mistreatment, intimidation, discrimination, bullying, harassment, threats, assaults, forcing Plaintiff to use preferred pronouns, requiring Plaintiff to share the tent and restroom as the opposite gender (refusing to meet his accommodation demand), requiring him to change relevant speech subjects and topics, to exclude his religious opinion from assignments and the classroom environment, implementing and forcing the LGTBQ beliefs on him in violation of the college's policies and oaths.

**Plaintiff was only sharing the hope and unconditional love of our Lord and Savior, Jesus Christ.**

Common Christian Perspective and Statistical Data Relevancy –

- ➢ The group project assignment allowed students to choose a for-profit or nonprofit organization in which Plaintiff and a fellow student chose to create a nonprofit organization that provided short hiking excursions on the Blue Ridge Parkway at Craggy Pinnacle and Mount Mitchell.
- ➢ A project requirement was to help meet participants' needs. While conducting research, a common need of suicidal prevention was discovered among the participants (youth, veterans), according to the Center for Disease Control and Prevention. Hence the statistical data use and biblical approach.
- ➢ The project mission was to help connect participants with the church, so the body of Christ may better direct them in meeting their needs (e.g., sense of purpose and belonging, community, counseling, prayer, love, Jesus, food, clothing), while enjoying God's magnificent creation, and implementing scripture (e.g., Psa. 19:1, 1 Cor. 10:26, Gen. 2:15, Rom. 1:20, 15:13, Jer. 29:11).

- The PowerPoint presentation (draft) consists of the following common Christian perspective: "It is good to share the gospel, because Jesus is the greatest need to help people overcome challenges (Philippians 4:13), including suicidal tendencies (e.g., thoughts, attempts)."
- The faith-based belief was merely presented via the presentation (draft) and email on 10/19/20 (Exhibit A); however, the misconstrued opinion was disliked in which Defendants (Dr. Zwart) opined the common religious belief was "wholly unempathetic," and "misguided," demanding the "Christian belief" not be used (Exhibit B), because he disagreed with the biblical perspective, even though it is the common Christian belief: Jesus is the answer (John 14:6).

Montreat College's gross misconduct and negligence, including, but not limited to, the interim suspension, suspension, expulsion, and due process, were unjust, immoral, and without merit – having excluded specific, sufficient, and reasonable reasoning, while merely stating some people did not agree with the common Christian faith-based beliefs in which the Defendants (Dr. Bennett and Dr. Maurer) intentionally allowed the professors to continue the abuse, after notifying Defendants of the gross misconduct, while pleading him to schedule a meeting to further discuss the assaults. However, Defendants chose to hide the abuse via ignoring it, making false allegations, and excommunication, rather than properly responding by conducting an appropriate, proper, and thorough investigation, which is ought to not be tolerated, especially by the President and Board of Trustees, as they have been entrusted to protect students from such wickedness, promote a Christ-like environment, etc.

Therefore, Plaintiff seeks damages of $43,000 (actual and punitive), plus any associated legal costs, including, but not limited to, attorney's fees, from Defendants for gross acts of misconduct and negligence. Please see Exhibits A – RRR.

Dated: October 21, 2022 _____

RYAN CRAIG STEVENS

Plaintiff in Pro Se