IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00284-MR-WCM

| | |
|---|---|
| RYAN CRAIG STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MONTREAT COLLEGE; ) | |
| DR. PAUL J. MAURER; ) | |
| DR. DANIEL BENNETT; ) | |
| DR. DOROTHEA SHUMAN; and ) | |
| DR. RYAN ZWART, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Motion for Extension of Time (the "Motion for Extension," Doc. 8) and Defendant Montreat College's Motion to Dismiss and to Deny Plaintiff's Motion to Modify Court's Order (the "Motion to Dismiss," Doc. 9).

I. Relevant Background

On October 24, 2022, Ryan Craig Stevens ("Plaintiff") filed his Original Complaint in the Superior Court of Buncombe County, North Carolina. Doc. 1 – 1.

On October 6, 2023, Defendant Montreat College ("Montreat") removed the case to this Court. In its notice of removal, Montreat stated that, on September 28, 2023, Plaintiff emailed counsel for Montreat an Amended

1

Complaint which asserted claims under both state and federal law. Montreat removed the case on the basis that the Amended Complaint, for the first time, included allegations that Defendant had violated Plaintiff's rights under federal law. Doc. 1.

On November 3, 2023, the undersigned conducted a status conference. During that proceeding, the parties represented that Plaintiff's Amended Complaint had been filed in state court before the case was removed. The Court directed Defendants to file, on or before November 17, 2023, a file-stamped copy of Plaintiff's Amended Complaint and directed Plaintiff to file, on or before December 1, 2023, a Second Amended Complaint. Plaintiff was advised that he should attempt to ensure that his filing complied with the Federal Rules of Civil Procedure, including Rule 8. Doc. 4.

Montreat filed a copy of Plaintiff's Amended Complaint later that day. Doc. 5. The Amended Complaint bears a file stamp showing that it was filed on October 3, 2023 with the Clerk of Superior Court in Buncombe County, North Carolina (which was three days before Montreat removed the case). Doc. 5 – 1 at 2.

Plaintiff did not file a Second Amended Complaint by December 1, 2023.

On December 5, 2023, the Motion for Extension was filed. Therein, Plaintiff states that he served his Amended Complaint on Defendants but

2

that defense counsel, on November 10, 2023, advised that Montreat was the only Defendant that had been served properly. Plaintiff states that "Defendants' denial of representing the individual defendants of the Complaint has caused disorder" and that additional time is needed to serve each Defendant.

On December 7, 2023, Montreat filed the Motion to Dismiss. In that filing, Montreat requests that the Court dismiss Plaintiff's claims against Montreat in the Amended Complaint for Plaintiff's failure to comply with the November 3 Order and deny Plaintiff's Motion for Extension.

## II. Discussion

Plaintiff did not file a Second Amended Complaint by December 1 as directed but filed the Motion for Extension on December 5. Plaintiff's Motion for Extension, though, is deficient for a number of reasons.

First, the Motion does not indicate that Plaintiff consulted with defense counsel, as required by the Local Rules. See LCvR 7.1.

Second, the Motion for Extension was untimely. The document is dated December 1 but bears no certificate of service and was not filed until December 5.

Third, as Montreat points out, because the Motion for Extension was untimely, Plaintiff was required to show excusable neglect for his failure to comply with the deadline. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff appears to state

3

that he did not comply with the November 3 Order due to disputes over whether the Individual Defendants have been served. The Court, however, was clear, both during the status conference and in the November 3 Order, that Plaintiff was being directed to file a Second Amended Complaint by December 1; Plaintiff was not instructed to make filings regarding issues pertaining to service on the Individual Defendants.

The undersigned acknowledges that Plaintiff is proceeding *pro se*. Nonetheless, Plaintiff is still expected to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, and Orders of the Court entered in this matter.

Under these circumstances, the undersigned has closely considered denying the Motion for Extension, recommending dismissal of Plaintiff's claims, and/or imposing other sanctions as may be appropriate.

However, bearing in mind the general policy that, when possible, cases should be decided on their merits and not on procedural grounds, the undersigned will not take such action at this time and will extend Plaintiff's deadline for filing a Second Amended Complaint.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Extension of Time (Doc. 8) is **GRANTED IN PART**. In the Court's discretion, the deadline for Plaintiff to FILE a Second Amended Complaint is extended to and including **December**

4

22, 2023. Plaintiff is **ADVISED** that no further extensions of his deadline to file a Second Amended Complaint will be granted absent extraordinary circumstances.

2. In light of the disposition of Plaintiff's Motion for Extension, Defendant Montreat College's Motion to Dismiss and to Deny Plaintiff's Motion to Modify Court's Order (Doc. 9) is **DENIED AS MOOT.**

Signed: December 11, 2023

W. Carleton Metcalf
United States Magistrate Judge