FILED
ASHEVILLE, NC

DEC 29 2023

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | |
|---|---|
| RYAN CRAIG STEVENS | |
| Plaintiff, | **Case No. 1:23-cv-00284-MR-WCM** |
| v. | **SECOND AMENDED COMPLAINT** |
| MONTREAT COLLEGE;<br>DR. PAUL J. MAURER;<br>DR. DANIEL T. BENNETT;<br>DR. DOROTHEA K. SHUMAN; and<br>DR. RYAN T. ZWART, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

### COMPLAINT FOR A CIVIL CASE

This matter comes before the United States District Court for the Western District of North Carolina, between Ryan Craig Stevens ("Plaintiff"), and Montreat College ("Montreat College"), Dr. Paul J. Maurer, Dr. Daniel T. Bennett, Dr. Dorothea K. Shuman, and Dr. Ryan T. Zwart ("Individual Defendants") (collectively, "Defendants"), based on the claims of this Complaint.

### TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 3 |
| II. | PARTIES | 4 |
| | A. Plaintiff | 4 |
| | B. Defendants | 5 |
| III. | JURISDICTION AND VENUE | 6 |
| | A. Federal Question | 7 |

IV.     **NATURE OF THE ACTION**.................................................................................7

V.     **FACTUAL ALLEGATIONS**...........................................................................8

VI.    **CAUSES OF ACTION AND CLAIMS FOR RELIEF**............................... 15

     **FIRST CAUSE OF ACTION**

     (First Amendment of the United States Constitution).......................... 16

     **SECOND CAUSE OF ACTION**

     (Fourteenth Amendment of the United States Constitution)................ 17

     **THIRD CAUSE OF ACTION**

     (Title 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights)....... 18

     **FOURTH CAUSE OF ACTION**

     (Title IV of the Civil Rights Act of 1964)....................................... 19

     **FIFTH CAUSE OF ACTION**

     (Title IX of the Education Amendments of 1972)............................ 20

     **SIXTH CAUSE OF ACTION**

     (Age Discrimination Act of 1975)................................................. 20

     **SEVENTH CAUSE OF ACTION**

     (Title 20 U.S.C. § 1232g – Family Educational Rights and Privacy Act of 1974)...............................21

     **EIGHTH CAUSE OF ACTION**

     (Title 25 CFR § 11.404 – False Imprisonment)............................... 21

VII.   **PRAYER FOR RELIEF**..............................................................................24

     **DEMAND FOR JURY TRIAL**.................................................................25

# I.    INTRODUCTION

1.    Plaintiff seeks damages, and declaratory and injunctive relief, in order to vindicate his constitutional and civil rights. Plaintiff was constructively dismissed from the School of Arts and Sciences (SAS) program at Montreat College. Pursuant to a speech-restrictive, religious expression-restrictive, overbroad, and vague policy governing "General Behavior" of students, within the "COMMUNITY STANDARDS" provision of the MONTREAT COLLEGE School of Arts and Sciences Student Handbook, Plaintiff was ordered to: 1) use preferred pronouns; 2) read, view, and study sexually explicit LGBTQ content; 3) simultaneously share the restroom with persons of a different biological gender; 4) sleep in the same tent with persons of a different biological gender; 5) refrain from speech and religious exercise and expression (on and off campus), including reasonable implementation of religious beliefs within the academic environment (e.g., coursework); 6) not post content or images of religious beliefs on social media that Defendants consider offensive; and 7) terminate his academic grievances and complaints, causing substantial emotional distress.

2.    Defendants substantially deprived Plaintiff of his rights and privileges, including, but not limited to, unalienable rights, endowed by our Creator, Jesus Christ (Plaintiff's Lord and Savior), educational performance, opportunities, and benefits via retaliative acts, including: 1) academic interference (e.g., discontinuing tutoring services; issuing unmerited grade reductions, an administrative course drop, and disciplinary sanctions; making false allegations and police reports); 2) injustice (e.g., failing to properly address and report the unlawful behavior, intentionally misconstruing facts, conjuring falsehoods, violating policies, denying a fair due process); and 3) alienation (depriving Plaintiff from educational opportunities, including participation of the physical classroom academic environment, and interaction with peers, professors, and staff on and off campus), creating a hostile environment, consisting of gross misconduct (e.g., discrimination, unsafe practices, mistreatment, intimidation, threats, coercion, harassment, bullying, alienation, oppression).

3.      Defendants had a duty to maintain the due care owed Plaintiff, but failed to appropriately, properly, and reasonably address Plaintiff's complaints and grievances.  Rather than appropriately addressing the matter, Defendant retaliated via creating a hostile environment by collaboratively intimidating, threatening, oppressing, and injuring him in the free exercise and enjoyment of his rights and privileges, and because he exercised such rights, while Dr. Maurer and Dr. Bennett substantially did nothing to resolve the abuse, and ignored critical phone calls, voice messages, and emails, and directed Defendants to continue executing the unlawful and retaliative acts.

4.      Defendants had reliable information that Plaintiff was subject to gross negligence.

5.      Defendants failed to report the bullying, or harassing behavior, to the appropriate officials.

6.      Defendants engaged in acts of reprisal, and retaliation, against Plaintiff, witnesses, and persons with reliable information about the acts of bullying, or harassing behavior.

7.      Montreat College failed to sufficiently implement all required bullying standards.

8.      Defendants acted negligently with a culpable state of mind, having bullied Plaintiff, deprived him from graduating, alienated him, ruined his friendships, tarnished his record, defamed his character, and severely damaged his health, life, and goals.

## II.     PARTIES

### A.     Plaintiff

Ryan Craig Stevens

23 Sleepy Hollow Lane

Swannanoa, NC 28778

Buncombe County

(865) 469-1950

Ryan_Stevens316@icloud.com

Plaintiff in pro se

**B.** **Defendants**

Defendant No. 1:

      Montreat College (non-profit corporation)

      310 Gaither Circle

      Montreat, NC 28757

      Buncombe County

      (828) 669-8012

      Admissions@Montreat.edu

Defendant No. 2:

      Dr. Paul J. Maurer, President

      111 Connally Street

      Black Mountain, NC 28711

      Buncombe County

      (828) 669-8012 Ext. 3721

      President@Montreat.edu

Defendant No. 3:

      Dr. Daniel T. Bennett, Vice President for Student Life / Dean of Students

      115 Lower Christ School Road

      Fletcher, NC 28732

      Henderson County

      (828) 669-8012 Ext. 3636 / (828) 419-2036

      DBennett@Montreat.edu

Defendant No. 4:

      Dr. Dorothea (Dottie) K. Shuman, Professor / Faculty of Science and Human Services

309 Ninth Street

Black Mountain, NC 28711

Buncombe County

(828) 669-8012 Ext. 3405

(828) 419-2210 / (828) 230-8147 (cell)

DShuman@Montreat.edu

Defendant No. 5:

Dr. Ryan T. Zwart, Assistant Professor, Faculty of Science and Human Services

702 Padgettown Road

Black Mountain, NC 28711

Buncombe County

(828) 669-8012 Ext. 3408 / (828) 419-6242 / (616) 304-2188 (cell)

Ryan.Zwart@Montreat.edu

## III.    JURISDICTION AND VENUE

9.      Pursuant to 28 U.S.C. §1331 and § 1343, subject matter and personal jurisdiction of this Court

is invoked, because the bases for the claims regard violations of the United States Constitution and

federal laws, involving a federal question, in which the incidents occurred in Buncombe County,

North Carolina, which is within the Western District of North Carolina.

10.     Venue is proper in this Court, because the acts and omissions giving rise to the claims

occurred at, or during events facilitated by, Montreat College, its principal place of business, located

in Buncombe County, North Carolina, and Dr. Paul J. Maurer, Dr. Dorothea K. Shuman, and Dr.

Ryan T. Zwart are residents of Buncombe County, North Carolina, and Dr. Daniel T. Bennett is a

resident of Henderson County, which counties are within the Western District of North Carolina.

## A. Federal Question

11.     The federal statutes and provisions of the United States Constitution at issue are:

1.  First Amendment of the United States Constitution

2.  Fourteenth Amendment of the United States Constitution

3.  Title 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights

4.  Title IV of the Civil Rights Act of 1964

5.  Title IX of the Education Amendments of 1972

6.  Age Discrimination Act of 1975

7.  Title 20 U.S.C. § 1232g – Family Educational Rights and Privacy Act of 1974

8.  Title 25 CFR § 11.404 – False Imprisonment

## IV.     NATURE OF THE ACTION

12.     Plaintiff attended Montreat College, as a transfer student from Baylor University, from the Fall 2019 semester through October 22 of the Fall 2020 semester.

13.     Plaintiff reasonably implemented common Christian beliefs within the academic environment, and posted religious content and images on social media.

14.     During Plaintiff's enrollment at Montreat College, Defendants ordered Plaintiff to censor his speech and religious expression on and off campus, including, but not limited to the following beliefs: 1) God has a special purpose for everyone, according to Jeremiah 29:11; 2) using preferred pronouns that contradict a person's biological gender is unbiblical; 3) simultaneously sharing the restroom and tent with someone of a different biological gender is unbiblical; 4) same-sex marriage is unbiblical; 5) posting content and images of religious beliefs via social media is an unalienable right; and 5) it is good to share the gospel, because once someone receives Jesus Christ as their Lord and Savior, they will have the Holy Spirit to help them overcome many challenges, including suicidal tendencies, according to Philippians 4:13.

15. After an individual complained about Plaintiff's religious belief statement, during a group project presentation, on October 19, 2020, Defendants ordered Plaintiff to not express the viewpoint, as it was considered offensive and "disruptive," since they disagreed with the faith-based viewpoints.

16. Refusing to comply to the unlawful orders, Montreat College issued unmerited disciplinary sanctions against Plaintiff, based on false and vague allegations, resulting in his expulsion.

## V. FACTUAL ALLEGATIONS

17. Plaintiff is a Christian who has served in church youth ministry for many years.

18. Plaintiff is blessed with the privileged opportunity to serve as a law enforcement officer.

19. Plaintiff earned a 3.88 GPA, and was wrongly expelled, a few weeks prior to graduation.

20. Montreat College is a governmentally funded, non-profit corporation, functioning as an independent Christian institution of higher learning, receiving substantial state and federal aid.

21. Defendants ordered Plaintiff to refrain from expressing his religious beliefs and speech, pursuant to a speech-restrictive, overbroad, and vague policy governing "General Behavior" of students, within the "COMMUNITY STANDARDS" provision.

22. The General Behavior policy of the COMMUNITY STANDARDS provision is set forth in Montreat College's School of Arts and Sciences Student Handbook.

23. Plaintiff was unaware the COMMUNITY STANDARDS provision prohibited his expression of religious beliefs and speech on and off campus.

24. Plaintiff did not interpret the COMMUNITY STANDARDS provision to prohibit him from reasonably expressing his faith-based viewpoints and speech on and off campus.

25. Defendants informed Plaintiff that he would be dismissed (expelled) from the university, if he did not conform to the unlawful orders to censure his expression of religious beliefs and speech.

26.     On 11/22/20, after Plaintiff refused to be unlawfully censored from reasonably expressing his religious beliefs and speech, as a student, Defendants "dismissed" Plaintiff from the School of Arts and Sciences (SAS) program at Montreat College.

27.     On 09/12/19, Dr. Shuman promoted the LGBTQ agenda by replacing educational curriculum with LGBTQ beliefs, via the distribution of handouts consisting of inappropriate sexually explicit content, images, and website page URLs, and ordered Plaintiff to use preferred pronouns.

28.     On 09/12/19, Plaintiff kindly demanded Dr. Shuman to not force Plaintiff to simultaneously share the restroom with someone of a different biological gender.

29.     On 09/13/19, Dr. Shuman threatened Plaintiff to not tell anyone about the order to not pray, which occurred in the presence of Professor Watkins, regarding Mrs. Boardman's (William's Place founder) requirement of an internship to not pray for an individual – an addict who was dismissed from the drug rehabilitation program – and the remaining inpatients, while implying she would sue him, if he did, vehemently threatening: "Don't you dare tell anyone about this [on or off campus]."

30.     On 11/20/19, after Plaintiff presented his practice presentation to Dr. Shuman, she yelled, "You think you're so perfect. They don't need to hear those rote phrases," and ordered him to change his speech topic, and remove the content, regarding the purpose and plan God has for us, according to scripture (Jeremiah 29:11), even though students were given the option to choose any topic and subject, and threatened: "If you do not change it, you will fail [the assignment]."

31.     During the 2019 Fall Semester, Plaintiff notified Defendants to meet his accommodation demand to not be forced to share the tent with someone of a different biological gender.

32.     On 11/22/19, and 11/23/19, Dr. Shuman failed to meet Plaintiff's accommodation demand to not be forced to share the tent with someone of a different biological gender.

33.     On 01/08/20, Dr. Bennett greeted Plaintiff by raising his voice – with his hands raised above his head – and stated: "What are you, 40!"

34.     On 1/29/20, during class – in the presence of other students – Dr. Shuman notified Plaintiff he could not attend a required course, OE 180 Discovery Wilderness Expedition, while ordering him to sign the drop form, which he respectfully declined, because he earnestly desired to take it.

35.     On 1/29/20, Plaintiff was administratively dropped from the required, and promised, course, OE 180 Discovery Wilderness Expedition.

36.     On 04/30/20, Dr. Shuman instructed the tutor overseer to cease rendering services to Plaintiff.

37.     On 04/30/20, Professor Hawley (tutor overseer), notified Plaintiff the following:

> "Ryan, I really wish that we could do more, but Dr. Shuman
> gave us the impression that the paper is past due, and
> specifically suggested that we should let you take over from
> here.  If Dottie is fine with you continuing to revise, then we
> can look over another draft, but I just want to be careful and
> respect her request in the meantime.  Thanks for your patience,
> and again, I'm sorry we couldn't help you out a bit more."

38.     On Friday, 08/28/20, at 11:26 A.M., Dr. Bennett requested (via email) Plaintiff to attend a virtual meeting within seven (7) business hours (untimely notice), the following business day, scheduled for Monday, 09/01/20, at 9:30 A.M.

Defendants made a false police report, as follows:

39.     On 09/01/20, Dr. Bennett made a false police report to the Director of Campus Safety, Officer Bill Hensley, who stated Dr. Bennett informed him that Plaintiff "stood Dr. Bennett up" by not attending the meeting.

40.     On 10/19/20, after Plaintiff reasonably expressed – via PowerPoint presentation (rough draft) and email – the relevant Christian belief, "It is good to share the gospel, because once someone receives Jesus Christ as their Lord and Savior, they will have the Holy Spirit to help them overcome

many challenges, including suicidal tendencies," according to Philippians 4:13, Dr. Zwart adamantly opined the religious belief was "wholly unempathetic," and "misguided," ordering the "Christian belief" to not be used, because he disagreed with the biblical viewpoint.

41.    On October 19, 2020, Defendant Zwart emailed Plaintiff, with the subject line "Regarding Class Today." The body of the email stated in relevant part:

> Ryan, I wanted to give some feedback regarding class today. I
> HIGHLY caution you on using Christian belief as a means of
> suicide prevention in the future.  As someone who has lost a
> dear friend (who was one of the strongest believers I have
> known) to suicide, hearing this perspective is extremely
> challenging and emotionally straining.  Mental illness,
> specifically within the areas of depression knows no bounds and
> can influence even the strongest believer.  I know that your
> statements today negatively influenced the class as I received a
> phone call from one of your classmates noting that this was very
> challenging to hear as well.  The claim that inculcating someone
> into the Christian faith as a suicide preventer is not only
> misguided, it also is wholly unempathetic for those who have
> experienced a loss due to the clutches of mental illness.  Please
> keep this feedback in mind in the future."

42.    On 10/21/19, Dr. Shuman forced Plaintiff to take midterm exams (outside of class time), when he was sick, even though a doctor's excuse was presented.  When asked, "What if I don't take it, right now?" she answered, "I will deduct 10 points" (an entire letter grade).

11 of 27

43.     On 11/24/19, Dr. Shuman yelled at Plaintiff – in the presence of Professor Watkins, and fellow classmates – for casting a shadow on her feet, after he merely stood up during lunch.

44.     On 12/12/19, Dr. Shuman angrily communicated with Plaintiff, as she could not find the paper he submitted, even though she permitted the assignment to be submitted via email, stating: "We can't find it…send it again…You need to learn how to post on MOODLE!!!!!"  Although Plaintiff is proficient with Moodle, utilizing the email option was preferred.

45.     On 12/12/19, although Dr. Shuman determined a grading error occurred in which she corrected the course grade from a B+ to an A-, she became angrier, and refused to consider Plaintiff's grade change request (denying review), including, but not limited to the following: 1) the change of the rubric (varying from the syllabus), per the Beck and Cable assignments, which occurred after the semester ended; 2) the check mark point deduction, revealing four check marks (one was deducted from each students' record), as a pen was used to better mark the faint yellow highlighter check mark; and 3) the extra credit exhibit effort in which Dr. Shuman adamantly ordered Plaintiff to not complete, as she determined it was unnecessary, since he already had an A course grade, after he passionately informed her he wanted to complete as many extra credit assignments as possible to secure the A course grade, because she permitted all of the students to complete as many extra credit assignments necessary to earn the course grade they desired, especially since he already invested a significant amount of time, money, and effort planning, assessing, and taking numerous pictures of the exhibits.

46.     On 01/23/20, Dr. Shuman informed Plaintiff she obtained his transcripts, and told him he was not a straight A student, and would not receive an A course grade in OE 462 Current Issues in Outdoor Education.  After Plaintiff's perplexed expression, Dr. Shuman digressed, stating, "Well, I guess we don't know, yet."

47.    On 02/05/20, during class – in public at The Huckleberry Café – which purpose was to provide insight on improving personal resumes, Dr. Shuman lashed out by scolding Plaintiff (yelling), as she opined he did not correctly document his education in his resume rough draft.

48.    On 02/06/20, after Professor Zwart ended the meeting with a prayer, Plaintiff thanked the faculty for the meeting, which purpose was to help revise the special emphasis of the degree; however, Dr. Shuman ordered Plaintiff to not thank them, shouting: "Do not thank them!"

49.    On 02/12/20, while Plaintiff was conversing with three members of a non-profit organization at Appalachian State University's Internship and Job Fair, Dr. Shuman approached Plaintiff, and interrupted the discussion by scolding him with a raised voice, which ruined the potential internship, as they became uncomfortable, ceasing the discussion.

50.    On 04/02/20, Dr. Shuman made the following comment via email:

> "This email is outrageous.  Oh, boy. I can't wait to read his
>
> perfect paper!!"

51.    Plaintiff never said the paper was perfect, but rather expressed the significant effort invested in writing the paper, hoping she would appreciate it, rather than negatively mock and bully him.

52.    On 04/02/20, although Plaintiff requested Dr. Shuman to review a completed assignment, while there was sufficient time to provide feedback, she denied such, even though she provided feedback to other students when requested (providing those students an academic advantage in which she has also given valuable information to students about exams in her office, as an incentive for those who visit her, while providing extra credit opportunities to select students), making the following comment via email:

> "No, I will not review your submission for Outward Bound. I
>
> will grade it with everyone else's."

13 of 27

53.     On 05/08/20, Dr. Shuman refused to furnish the requested evidence (e.g., complete audio and video recordings), which is relevant toward the academic grievance (inaccurate course grade), as they regard the final PowerPoint presentations and question and answer times in which Plaintiff presents a case that specifically concerns them.

54.     In retaliation of Plaintiff pursuing the academic grievance, Dr. Shuman filed a complaint in which Dr. Bennett issued Plaintiff a Leave of Absence in the form of an Interim Suspension, which is a violation of policy, since Plaintiff did not present a threat to anyone, nor himself.

55.     On 10/08/20, Dr. Shuman violated the Interim No Contact Order of 09/03/20, by attempting to contact Plaintiff via phone, beginning on 10/08/20.

56.     On 10/06/20, Dr. Zwart sent an unprofessional email (revealing a derogatory mannerism of communication) by yelling at Plaintiff and his group partner, using typography of capital letters, and an exclamation point, stating "Guys – for the last time…DO NOT EMAIL ME THESE!," even though on 10/01/20, he requested them to be emailed, stating "Ryan, Please send your section 1 in a word document so I can provide track changes feedback in the document," and on 10/05/20, stating "Please send this via your Montreat email and include your groupmate, [], in these emails." Although Plaintiff and his group project partner notified Dr. Zwart of the recurring Learning Management System (LMS) issue, multiple times, in regard to the LMS system not permitting submission and resubmission of an assignment, Dr. Zwart failed to resolve the issue, while becoming upset with Plaintiff and his group partner.

57.     On 02/25/20, Plaintiff informed Dr. Zwart of the LMS re-submission issue, stating "Btw, I checked, last night, but didn't see an option to resubmit it.  Just rechecked; same finding: no option (please see screenshot, attached)" in which Dr. Zwart replies, "Okay, I will ask Dottie tomorrow about that."

58.     On 10/07/20, Plaintiff thanked Dr. Zwart for resolving the LMS issue of section one, even though the issue persisted with the other sections, while furnishing proof of the LMS change, asking for an apology, and notifying him the misconduct would be reported. On 10/14/20, Plaintiff's group partner also notified Dr. Zwart of the issue, stating "I'm trying to resubmit Section 3 because some of the information got deleted, but it is not allowing me to resubmit anything," while Dr. Zwart replies, "I think it's set up to accept another submission but I'll look at this one." However, on 10/21/20, Melissa Devore, Help Desk Administrator, of the IT department states, "I have looked at Professor Zwart's class and it seems that you can only submit your assignment once," after Plaintiff requested her to assist Dr. Zwart with the issue on 10/20/20, as well as Dr. Bennett on 10/14/20, while also reporting the professor's misconduct.

59.     On 10/22/20, Montreat College notified Plaintiff's employer of the confidential matter that he was dismissed from the Outdoor Recreation Studies Department, which caused him to resign, as a volunteer firefighter.

## VI.     CAUSES OF ACTION AND CLAIMS FOR RELIEF

60.     This Complaint identifies specific accounts, including dates of Defendants' misconduct, detailing each allegation, which collectively support violations of Plaintiff's civil and constitutional rights, including a claim the misconduct is objectively severe, or pervasive, enough that a reasonable person would consider it as bullying and/or harassing behavior.

## FIRST CAUSE OF ACTION

**Violation of First Amendment Right to Free Exercise of Religion and Free Speech**

61.     Plaintiff re-alleges and incorporates by reference the paragraphs contained in the entirety of this Complaint, as if fully set forth, herein.

62.     Plaintiff's expression of religious beliefs through speech and coursework are protected, pursuant to the First Amendment, forbidding Congress from "abridging the freedom of speech," and "prohibiting the free exercise [of religion]," which applies to federal, state, and local government, including public schools, and government-funded non-profit corporations that do not specifically contractually limit such rights, via the Fourteenth Amendment.

63.     The policy Defendants cited for issuing disciplinary sanctions against Plaintiff in which he was expelled, as a student, is vague and unconstitutional on its face, and as applied to his expression of religious beliefs and speech.

64.     The policy Defendants cited for issuing disciplinary sanctions against Plaintiff in which he was expelled, as a student, is vague and unconstitutionally overbroad.

65.     The policy Defendants cited for issuing disciplinary sanctions against Plaintiff in which he was expelled, as a student, operates as a prior restraint on religious expression and speech.

66.     Defendants' application of the policy to Plaintiff's expression of religious beliefs and speech (e.g., coursework) was unconstitutional.

67.     Plaintiff was retaliated against, based on the content of his religious beliefs and speech, as expressed through his coursework and faith-based viewpoints.

68.     Plaintiff was retaliated against, based on his viewpoints of his religious beliefs and speech, as expressed through his coursework and faith-based viewpoints.

## SECOND CAUSE OF ACTION

### Violation of the Due Process Clause of the Fourteenth Amendment

69.     Plaintiff re-alleges and incorporates by reference the paragraphs contained in the entirety of this Complaint, as if fully set forth, herein.

70.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires fair notice, as to the permissible and prohibited conduct of students, regarding religious expression and speech.

71.     The Preamble within the STATEMENT of FAITH provision of Montreat College's Academic Catalog and Student Handbook is unconstitutionally vague, per the Fourteenth Amendment, as it does not specifically state permissible and prohibited expression of behavior.

72.     Defendants' issuance of disciplinary sanctions against Plaintiff for his expression of religious beliefs and speech contradicts the COMMUNITY STANDARDS provision, as it represents:

> "Students are welcomed to this Christian community
> **regardless of belief**." (Emphasis added.)

73.     The General Behavior within the COMMUNITY STANDARDS provision of Montreat College's Student Handbook is unconstitutionally vague, per the Fourteenth Amendment, because it does not specifically state permissible and prohibited expression of rights, as it represents:

> "At Montreat College, the individual is given as much freedom
> in the exercise of his/her rights and responsibilities as is
> consistent with the well-being of the entire college community.
> However, the college reserves the right to discipline any student
> who refuses to comply with reasonable requests by staff and
> faculty, who disrupts the educational environment of fellow

students, who violates college regulations, or who violates state

or federal laws or local ordinances, whether on or off campus."

74.	The Gender Identity within the COMMUNITY STANDARDS provision of Montreat

College's Student Handbook is unconstitutionally vague, per the Fourteenth Amendment, as it does

not specifically state permissible and prohibited expression of rights, as it represents: "students of

any theological disposition - including transgender students - are welcome at Montreat College."

75.	The General Behavior within the COMMUNITY STANDARDS provision of Montreat

College's Student Handbook is unconstitutionally vague, per the Fourteenth Amendment, as it does

not specifically state permissible and prohibited expression of rights, as it represents: "If it comes to

the attention of the Vice President for Student Life and Dean of Students that content or images

posted online or transmitted electronically provide information that a student may be a threat to

campus or others or may have been involved in a violation of the law or college policy including, but

not limited to, content or images online or transmitted electronically, this information will be

investigated and appropriate actions taken."

## THIRD CAUSE OF ACTION

### Violation of Title 42 U.S.C. § 1983 – Civil Action for Deprivation of Rights

76.	Plaintiff re-alleges and incorporates by reference the paragraphs contained in the entirety of

this Complaint, as if fully set forth, herein.

77.	Plaintiff's expression of religious beliefs through speech and coursework are protected,

pursuant to Title 42 U.S.C. § 1983, prohibiting Defendants to act under color of federal, state, and

local law to deprive Plaintiff of his rights, secured by the United States Constitution, which applies to

federal, state, and local government, including public schools, and government-funded non-profit

corporations that do not specifically contractually limit such rights.

78.     The policy Defendants cited for issuing disciplinary sanctions against Plaintiff in which he was expelled, as a student, is vague and unconstitutional on its face, and as applied to his expression of religious beliefs and speech.

79.     The policy Defendants cited for issuing disciplinary sanctions against Plaintiff in which he was expelled, as a student, is vague and unconstitutionally overbroad.

80.     The policy Defendants cited for issuing disciplinary sanctions against Plaintiff in which he was expelled, as a student, operates as a prior restraint on religious expression and speech.

81.     Defendants' application of the policy to Plaintiff's expression of religious beliefs and speech (e.g., coursework) was unconstitutional.

82.     Plaintiff was retaliated against, based on the content of his religious beliefs and speech, as expressed through his coursework and faith-based viewpoints.

83.     Plaintiff was retaliated against, based on his viewpoints of his religious beliefs and speech, as expressed through his coursework and faith-based viewpoints.

## FOURTH CAUSE OF ACTION

### Title IV of the Civil Rights Act of 1964

84.     Plaintiff re-alleges and incorporates by reference the paragraphs contained in the entirety of this Complaint, as if fully set forth, herein.

85.     Plaintiff's religion (Chrisitan), sexual orientation (straight), and age are protected, pursuant to Title IV of the Civil Rights Act of 1964, prohibiting educational institutions from discriminating against students, based on religion, sex, and age, which applies to federal, state, and local government, including public schools, and government-funded non-profit corporations.

86.     Defendants collaboratively committed retaliative acts against Plaintiff in the free exercise and enjoyment of his rights and privileges, and because he exercised such rights, resulting in unmerited

disciplinary sanctions, including expulsion, and defamation of character, while denying him a bachelor's of science degree, and refund of the attendance cost, which substantially injured him.

## FIFTH CAUSE OF ACTION

### Violation of Title IX of the Education Amendments of 1972

87.     Plaintiff re-alleges and incorporates by reference the paragraphs contained in the entirety of this Complaint, as if fully set forth, herein.

88.     Plaintiff's religion (Chrisitan), sexual orientation (straight), and age are protected, pursuant to Title IX of the Education Amendments of 1972, prohibiting educational institutions from discriminating against students, based on religion, sex, and age, which applies to federal, state, and local government, including public schools, and government-funded non-profit corporations.

89.     Defendants acted deliberately indifferent toward Plaintiff, due to his religious expression, speech, and age.

## SIXTH CAUSE OF ACTION

### Violation of Age Discrimination Act of 1975

90.     Plaintiff re-alleges and incorporates by reference the paragraphs contained in the entirety of this Complaint, as if fully set forth, herein.

91.     Defendants acted deliberately indifferent toward Plaintiff, due to his older age, and committed retaliative acts against him, because of his age.

92.     Plaintiff's religion (Chrisitan), sexual orientation (straight), and age are protected, pursuant to Title IX of the Education Amendments of 1972, prohibiting educational institutions from discriminating against students, based on religion, sex, and age, which applies to federal, state, and local government, including public schools, and government-funded non-profit corporations.

93.     Defendants acted deliberately indifferent toward Plaintiff, due to his religious expression, speech, and age.

## SEVENTH CAUSE OF ACTION

**Violation of Title 20 U.S.C. § 1232g – Family Educational Rights and Privacy Act of 1974**

94.     Plaintiff re-alleges and incorporates by reference the paragraphs contained in the entirety of this Complaint, as if fully set forth, herein.

95.     Pursuant to Title 20 U.S.C. § 1232g, Plaintiff's private information is protected.

96.     Defendants unlawfully shared Plaintiff's privileged information.

## EIGHTH CAUSE OF ACTION

### Violation of Title 25 CFR § 11.404 – False Imprisonment

97.     Plaintiff re-alleges and incorporates by reference the paragraphs contained in the entirety of this Complaint, as if fully set forth, herein.

98.     Plaintiff is protected from false imprisonment, pursuant to 25 CFR § 11.404: "A person commits a misdemeanor if he or she knowingly restrains another unlawfully so as to interfere substantially with his or her liberty."

99.     Defendants' gross acts against Plaintiff were deliberate.

## V.     CERTIFICATION AND CLOSING

## CERTIFICATION OF AUTHENTICITY

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, of specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirement of Rule 11.

Dated this 22nd Day of December, 2023.

Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

## PRO SE LITIGANT ACKNOWLEDGMENT

(Address Changes)

I, Ryan Craig Stevens ("Plaintiff"), agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of this case.

Dated this 22nd Day of December, 2023.

Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant judgment, as follows:

1.      Enter a declaratory judgment declaring the actions of Defendants in suppressing Plaintiff's speech to be unconstitutional;

2.      Enter a declaratory judgment declaring provisions of the Preamble within the STATEMENT of FAITH, and General Behavior within the COMMUNITY STANDARDS of Montreat College's Academic Catalog and Student Handbook are unconstitutional;

3.      Enter an injunction restraining, prohibiting, and enjoining the Defendants from enforcing or applying the provisions of the Preamble within the STATEMENT of FAITH, and General Behavior within the COMMUNITY STANDARDS of Montreat College's Academic Catalog and Student Handbook;

4.      Award consequential damages, including, but not limited to, attorney's fees and court costs;

5.      Award all compensatory, consequential, exemplary, and general damages in the amount of 13,750,000;

6.      Award all associated costs and expenses of the action, including consequential damages of reasonable attorneys' fees and court costs, pursuant to 42 U.S.C. § 1988;

7.      Award Pre- and post-judgment interest at the maximum legal rate;

8.      Award all such equitable relief as it deems proper and just, including, but not limited to, disgorgement and restitution;

9.      Award all such other relief, as the Court deems just and proper;

10.     Award injunction to permit Plaintiff to return to Montreat College, and rescind all prior sanctions; and

11.    Award one-page letter of apology from each of the persons identified in the complaint, as well as from the Montreat College Board of Trustees.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully orders a jury trial on all claims so triable.

## CERTIFICATE OF SERVICE

I, PLAINTIFF, hereby certify that a copy of the foregoing **SECOND AMENDED COMPLAINT,** and summonses, will be served – after they are filed this day, and signed and sealed by the Clerk of Court – to the following Defendants' addresses:

Defendant No. 1:

Jonathon D. Townsend
Beth Tyner Jones
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8125
Facsimile: (919) 755-6752
Jonathon.Townsend@wbd-us.com
Beth.Jones@wbd-us.com

Counsel for Defendants (Montreat College, et al.)

Defendant No. 2:

Dr. Paul J. Maurer
111 Connally Street
Black Mountain, NC 28711

Defendant No. 3:

Dr. Daniel T. Bennett
396 Patton Cove Road
Swannanoa, NC 28778

Defendant No. 4:

Dr. Dorothea K. Shuman
309 Ninth Street
Black Mountain, NC 28711

Defendant No. 5:

Dr. Ryan T. Zwart
702 Padgettown Road
Black Mountain, NC 28711

Dated this 22nd Day of December, 2023.

Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se