IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00284-MR-WCM

| | | |
|---|---|---|
| RYAN CRAIG STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MONTREAT COLLEGE; | ) | |
| DR. PAUL J. MAURER; | ) | |
| DR. DANIEL BENNETT; | ) | |
| DR. DOROTHEA SHUMAN; and | ) | |
| DR. RYAN ZWART, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the following:

1. Montreat College's Second Motion to Dismiss for Failure to Comply (Doc. 12);

2. Plaintiff's Second Amended Complaint (Doc. 14);

3. Plaintiff's Motion for Extension of Time (Doc. 15);

4. An additional Motion for Extension of Time filed by Plaintiff (Doc. 16);

5. Plaintiff's Third Amended Complaint (Doc. 17);

6. Defendants' Motion to Dismiss Second Amended Complaint and Motion to Strike Third Amended Complaint (Doc. 18); and

7. Plaintiff's Motion for Leave to Amend Complaint (Doc. 20).

1

I.   **Relevant Background**

Though this matter is relatively early in its development, its procedural history has been unnecessarily complicated.

On October 24, 2022, Ryan Craig Stevens ("Plaintiff") filed his Original Complaint in the Superior Court of Buncombe County, North Carolina. Doc. 1-1.

Nearly a year later, on October 3, 2023, Plaintiff filed an Amended Complaint. Doc. 5-1.

On October 6, 2023, Defendant Montreat College ("Montreat") removed the case to this Court on the basis that the Amended Complaint, for the first time, included allegations that Defendants had violated Plaintiff's rights under federal law. Doc. 1.

On November 3, 2023, the undersigned conducted a status conference and, among other things, directed Plaintiff to file, on or before December 1, 2023, a Second Amended Complaint. Doc. 4.

However, Plaintiff did not file a Second Amended Complaint by December 1, 2023.

On December 5, 2023, Plaintiff filed a Motion for Extension of Time (the "First Motion for Extension of Time"), asking that the deadline for him to file a Second Amended Complaint be extended through December 7, 2023. Doc. 8.

On December 7, 2023, Montreat filed a "Motion to Dismiss and to Deny

2

Plaintiff's Motion to Modify Court's Order." Doc. 9.

By Order entered on December 12, 2023, the undersigned granted Plaintiff's First Motion for Extension of Time in part and extended Plaintiff's deadline to file a Second Amended Complaint to and including December 22, 2023. Plaintiff was advised that no further extensions of his deadline would be granted absent extraordinary circumstances. In light of the disposition of the First Motion for Extension of Time, Montreat's Motion to Dismiss and to Deny Plaintiff's Motion to Modify Court's Order was denied as moot. Doc. 11.

However, Plaintiff did not file a Second Amended Complaint by December 22, 2023.

On December 29, 2023, Montreat filed its Second Motion to Dismiss for Failure to Comply along with a supporting memorandum. Docs. 12, 13. The same day, Plaintiff filed his Second Amended Complaint as well as a Motion for Extension of Time (the "Second Motion for Extension of Time," Doc. 15), by which he asked the Court to extend the time for him to file his Second Amended Complaint to and including December 27, 2023.

On January 11, 2024, Plaintiff filed yet another Motion for Extension of Time (the "Third Motion for Extension of Time," Doc. 16), this time asking the Court to extend the time for him to file his Second Amended Complaint to and including December 29, 2023 (the day his Second Amended Complaint was actually filed). Plaintiff also filed a Third Amended Complaint. Doc. 17.

3

Plaintiff's Motion to Modify Court's Order." Doc. 9.

By Order entered on December 12, 2023, the undersigned granted Plaintiff's First Motion for Extension of Time in part and extended Plaintiff's deadline to file a Second Amended Complaint to and including December 22, 2023. Plaintiff was advised that no further extensions of his deadline would be granted absent extraordinary circumstances. In light of the disposition of the First Motion for Extension of Time, Montreat's Motion to Dismiss and to Deny Plaintiff's Motion to Modify Court's Order was denied as moot. Doc. 11.

However, Plaintiff did not file a Second Amended Complaint by December 22, 2023.

On December 29, 2023, Montreat filed its Second Motion to Dismiss for Failure to Comply along with a supporting memorandum. Docs. 12, 13. The same day, Plaintiff filed his Second Amended Complaint as well as a Motion for Extension of Time (the "Second Motion for Extension of Time," Doc. 15), by which he asked the Court to extend the time for him to file his Second Amended Complaint to and including December 27, 2023.

On January 11, 2024, Plaintiff filed yet another Motion for Extension of Time (the "Third Motion for Extension of Time," Doc. 16), this time asking the Court to extend the time for him to file his Second Amended Complaint to and including December 29, 2023 (the day his Second Amended Complaint was actually filed). Plaintiff also filed a Third Amended Complaint. Doc. 17.

On January 12, 2024, Montreat filed its Motion to Dismiss Second Amended Complaint and Motion to Strike Third Amended Complaint along with a supporting memorandum. Docs. 18, 19.[1]

On January 19, 2024, Plaintiff filed his Motion for Leave to Amend Complaint. Doc. 20.

## II. Discussion

### A. The Second Amended Complaint

As described, Plaintiff failed to file his Second Amended Complaint by the extended deadline of December 22, 2023. However, in his Third Motion for Extension of Time, Plaintiff states that he attempted to submit this filing at the Clerk's Office on December 22, 2023, but that the office was closed for the holidays.

The courthouse reopened on Wednesday, December 27, 2023 but Plaintiff does not explain why he did not file his Second Amended Complaint until December 29, 2023.

Nonetheless, so that Plaintiff's claims may be addressed on their merits, as discussed in further detail below, the Court in its discretion will grant Plaintiff's Third Motion for Extension of Time and deem Plaintiff's Second Amended Complaint as being timely filed as of December 29, 2023. Plaintiff's

---

[1] This document is captioned as being made on behalf of "Defendants" but the text of the motion and supporting memorandum indicate it is made solely by Montreat.

Second Motion for Extension of Time will be denied as moot. Montreat's Second Motion to Dismiss for Failure to Comply will also be denied as moot.

### B. The Third Amended Complaint

As Montreat correctly notes, Plaintiff filed his Third Amended Complaint without Montreat's consent or leave of court.

Subsequently, Plaintiff filed his Motion for Leave to Amend Complaint. Doc. 20. However, that Motion is not accompanied by a brief and does not indicate that Plaintiff has consulted with defense counsel. See LCvR 7.1. In addition, it is not clear whether Plaintiff seeks leave to file yet another amended complaint, or whether he is seeking retroactive permission to file his Third Amended Complaint.

Therefore, Plaintiff's Motion for Leave to Amend Complaint will be denied and, to the extent Montreat's Motion to Dismiss and Motion to Strike asks that Plaintiff's Third Amended Complaint be stricken, that request will be allowed.[2]

### C. Current Status of Pleadings

As a result of the above rulings, Plaintiff's Second Amended Complaint is the current operative complaint. Montreat has moved to dismiss those

---

[2] The parties are reminded that each motion must be set forth as a separately filed pleading. See Local Civil Rule 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading.").

5

claims. Docs. 18, 19.

### D. Service on other Defendants

The final issue pertains to service on Paul J. Maurer, Daniel Bennett, Dorothea Shuman, and Ryan Zwart (the "Individual Defendants").

Montreat states that Plaintiff has failed to properly serve the Individual Defendants and that they filed a motion to dismiss for failure to prosecute before the case was removed. Montreat also states that the Individual Defendants intend to file a separate motion to dismiss, under Rule 12, "in due course." Doc. 19 at 1, n. 1.[3]

As a result of the amendment of Plaintiff's Complaint, the Individual Defendants' previous Motion to Dismiss is moot. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004)

---

[3] Attached to the Notice of Removal is a Motion to Dismiss by the Individual Defendants. Doc. 1-7. That document does not bear a file stamp showing when it was filed with the state court but it does include a certificate of service indicating that it was served on Plaintiff on September 28, 2023. Id. at 5.

("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); <u>Ledford v. Eastern Band of Cherokee Indians</u>, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235 at 1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot").

Plaintiff, though, remains obligated to serve the Individual Defendants. Specifically, 28 U.S.C. § 1448 states that "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Further, Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time" though "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, this matter was removed on October 6, 2023; ninety (90) days from

that date was January 4, 2024. See Motsinger v. Flynt, 119 F.R.D, 373, 377 (M.D.N.C. 1988) (holding that the deadline to serve defendants began to run on the date of removal rather than on the date the original complaint was filed in state court).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Extension of Time (Doc. 16) is **GRANTED**, and Plaintiff's Second Amended Complaint (Doc. 14) is **DEEMED TIMELY FILED** as of December 29, 2023.

2. Montreat College's Second Motion to Dismiss for Failure to Comply (Doc. 12) and Plaintiff's Motion for Extension of Time (Doc. 15) are **DENIED AS MOOT**.

3. Plaintiff's Motion for Leave to Amend Complaint (Doc. 20) is **DENIED**.

4. With respect to Defendants' Motion to Dismiss Second Amended Complaint and Motion to Strike Third Amended Complaint (Doc. 18):

    a. To the extent this Motion pertains to Plaintiff's Third Amended Complaint, it is **GRANTED**, and Plaintiff's Third Amended Complaint (Doc. 17) is **STRICKEN**.

    b. To the extent this Motion seeks the dismissal of the claims asserted in Plaintiff's Second Amended Complaint, it **REMAINS ACTIVE**. In that regard, Plaintiff is **ADVISED** that

8

Montreat has filed a Motion to Dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by which it asks the Court to dismiss Plaintiff's claims against it. Plaintiff should review the Motion to Dismiss and supporting memorandum (Docs. 18, 19) carefully. Plaintiff is **FURTHER ADVISED** that if he does not submit a response to the Motion by the date stated herein, the Court may proceed to consider the Motion to Dismiss without hearing from him. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975); see also Carr v. Reece, No. 3:21-cv-00217-FDW-DCK, 2021 WL 5855646 at *2, n. 1 (W.D.N.C. Dec. 9, 2021) ("[C]ourts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.").

c. In the Court's discretion, Plaintiff's deadline for filing a response to the Motion to Dismiss is **EXTENDED** through and including **February 23, 2024**.

5. On or before **February 23, 2024**, Plaintiff shall either:

    a. File proof of service relative to the Individual Defendants, or

    b. **SHOW CAUSE** why his claims against the Individual Defendants should not be dismissed without prejudice for failure to serve the Individual Defendants.

Signed: January 24, 2024

W. Carleton Metcalf
United States Magistrate Judge