IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00284-MR-WCM

| | | |
|---|---|---|
| RYAN CRAIG STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MONTREAT COLLEGE; | ) | |
| DR. PAUL J. MAURER; | ) | |
| DR. DANIEL BENNETT; | ) | |
| DR. DOROTHEA SHUMAN; and | ) | |
| DR. RYAN ZWART, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the following:

1. Plaintiff's "Motion for Summary Judgment Per Defendants' Counsel's Bad Faith Declaration" (Doc. 27);

2. Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 28);

3. Plaintiff's "Motion for Extension of Time to File a Response to Montreat [College]'s Motion to Dismiss [Plaintiff's] Second Amended Complaint" (the "First Motion for Extension," Doc. 29);

4. Plaintiff's "Motion for Extension of Time to File a Response to the Individual Defendants' Motion to Dismiss [Plaintiff's] Second Amended Complaint" (the "Second Motion for Extension," Doc. 30); and

5. Plaintiff's "Motion for Court to Order Service of the Second Amended Complaint and Summonses" (the "Motion for Service," Doc. 31).

1

I.   **Relevant Background**

The prior procedural history of this case was discussed in the undersigned's January 24, 2024 Order (the "January 24 Order," Doc. 21) and is not repeated.

In part, the January 24 Order accepted Plaintiff's Second Amended Complaint (Doc. 14) as timely and noted that the Second Amended Complaint was the operative complaint, advised Plaintiff that Defendant Montreat College ("Montreat") had filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by which Montreat asks the Court to dismiss Plaintiff's claims against it in his Second Amended Complaint (Docs. 18, 19), and extended Plaintiff's deadline to respond to Montreat's Motion to Dismiss through and including February 23, 2024. Doc. 21.

Additionally, the January 24 Order required Plaintiff, on or before February 23, 2024, to file proof of service relative to Paul J. Maurer, Daniel Bennett, Dorothea Shuman, and Ryan Zwart (the "Individual Defendants") or, alternatively, show cause why Plaintiff's claims against the Individual Defendants should not be dismissed. Id.

On January 30, 2024, the Individual Defendants filed a Motion to Dismiss Plaintiff's claims against them pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Rules of Civil Procedure (the "Individual Defendants' Motion to Dismiss," Doc. 24). Plaintiff was advised to review that

2

Motion and the supporting memorandum carefully, and Plaintiff's deadline to respond to the Individual Defendants' Motion to Dismiss was extended through and including February 23, 2024. Doc. 26.

Plaintiff made no further filings on or before February 23, 2024 and filed the instant motions on February 26, 2024. Docs. 27, 28, 29, 30, 31.

II. Discussion

A. The Motion for Summary Judgment (Doc. 27)

Plaintiff asserts that a declaration submitted by defense counsel in conjunction with the Individual Defendants' Motion to Dismiss is false, and therefore the Court should "enter an order granting summary judgment." Doc. 27.

The undersigned construes this filing as being a partial response to the Individual Defendants' Motion to Dismiss, rather than a motion for summary judgment made pursuant to Rule 56.

B. The Motion for Leave to File a Third Amended Complaint (Doc. 28)

By this Motion, Plaintiff seeks leave to file a "third – and final – amended complaint…." Doc. 28 at 1.

However, the Motion is not supported by a brief.[1]

---

[1] A prior similar motion by Plaintiff was also not accompanied by a supporting brief. Doc. 21 at 5.

More substantively, though Plaintiff asserts that allowing him to file a Third Amended Complaint will "resolve the issues," Plaintiff has not identified those "issues," has not submitted a proposed third amended complaint, and has provided no basis upon which he should be allowed to amend his Complaint yet again at this point. See e.g., Pettis v. Sallie Mae, Inc., No. 4:05-CV-10-H, 2006 WL 8438416, at *1 (E.D.N.C. June 13, 2006) ("the plaintiff's failure to provide a copy of the amended complaint or give any details or explanation of the proposed amendments denies the court an adequate basis to address the propriety and likely futility of the amendment and its effect on the pending litigation.").[2]

### C. The First and Second Motions for Extension (Docs. 29 & 30)

By these Motions, Plaintiff requests an extension – through and including March 24, 2024 – within which to respond to Montreat's Motion to Dismiss and the Individual Defendants' Motion to Dismiss.

The pretrial development of this case has been exceedingly slow. This matter was originally filed in state court in late October 2022 and removed to this Court nearly a year later in early October 2023. On November 3, 2023, following a hearing and status conference, the Court directed Plaintiff to file a Second Amended Complaint on or before December 1, 2023. Doc. 4. Plaintiff

---

[2] Plaintiff was previously directed to file a Second Amended Complaint and was thereafter granted extensions of time within which to do so. See Docs. 11, 21.

4

subsequently asked for additional time to make that filing and was granted an extension to and including December 22, 2023. Docs. 8, 11. However, Plaintiff failed to meet that deadline and ultimately filed a Second Amended Complaint on December 29, 2023; his filing was subsequently accepted. Docs. 14, 21. The Motions to Dismiss were filed by Defendants on January 12, 2024 and January 30, 2024, respectively, Docs. 18, 24, and Plaintiff's deadlines to respond were extended to February 23, 2024. Docs. 21, 26.

Plaintiff now requests yet additional time to respond to the Motions to Dismiss, stating that it was burdensome for him to be required to respond by February 23, 2024 because his work schedule changed. This argument is not persuasive.

However, Plaintiff also represents that he was a "witness to a death, involving the North Carolina State Bureau of Investigation, consisting of an interview with an SBI agent, and a meeting with his employer (Sheriff's Office), which was emotionally disturbing," though he does not describe when those events took place. Docs. 29, 30.

Under these circumstances, and bearing in mind Plaintiff's status as a *pro se* litigant, Plaintiff will be provided a final extension of time to respond to both motions to dismiss. However, no further extensions of these deadlines will be allowed absent extraordinary circumstances.

### D. The Motion for Service (Doc. 31)

By the Motion for Service, Plaintiff acknowledges the Individual Defendants' position that they have not been properly served, and "requests the Court enter an order granting Plaintiff's Motion for the Court to order service of the Second Amended Complaint and Summonses be made by a United States marshal, or deputy marshal, or by a person specifically appointed by the court." Doc. 31 at 2.

In the January 24 Order, Plaintiff was advised that he remained obligated to serve the Individual Defendants and was ordered to file proof of such service on or before February 23, 2024. Doc. 21. Plaintiff has provided no basis upon which the Court should direct the United States Marshals Service or any other person to fulfill Plaintiff's duty of serving the Individual Defendants.

**IT IS THEREFORE ORDERED THAT:**

1. The Clerk is **RESPECTFULLY DIRECTED** to amend the docket to show Plaintiff's "Motion for Summary Judgment Per Defendants' Counsel's Bad Faith Declaration" (Doc. 27) as being a partial response to the Individual Defendants' Motion to Dismiss (Doc. 24).

2. Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 28) is **DENIED WITHOUT PREJUDICE.**

3. Plaintiff's "Motion for Extension of Time to File a Response to

6

Montreat [College]'s Motion to Dismiss [Plaintiff's] Second Amended Complaint" (Doc. 29) is **GRANTED IN PART**, and Plaintiff's deadline to respond to Montreat's Motion to Dismiss (Doc. 18) is **EXTENDED** through and including **March 15, 2024**. Plaintiff's response is to be **FILED** with the Clerk **on or before this date**. No further extension of this deadline will be allowed, absent extraordinary circumstances.

4. Plaintiff's "Motion for Extension of Time to File a Response to the Individual Defendants' Motion to Dismiss [Plaintiff's] Second Amended Complaint" (Doc. 30) is **GRANTED IN PART**, and Plaintiff's deadline to file any supplemental or additional response to the Individual Defendants' Motion to Dismiss (Doc. 24) is **EXTENDED** through and including **March 15, 2024**. Plaintiff's response is to be **FILED** with the Clerk **on or before this date**. No further extension of this deadline will be allowed, absent extraordinary circumstances.

5. Plaintiff's "Motion for Court to Order Service of the Second Amended Complaint and Summonses" (Doc. 31) is **DENIED**.

Signed: February 29, 2024

W. Carleton Metcalf
United States Magistrate Judge