UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, NC

MAR 05 2024

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Hand-Delivered

RYAN CRAIG STEVENS

Plaintiff,

v.

MONTREAT COLLEGE;
DR. PAUL J. MAURER;
DR. DANIEL T. BENNETT;
DR. DOROTHEA K. SHUMAN; and
DR. RYAN T. ZWART,

Defendants.

Case No. 1:23-cv-00284-MR-WCM

MOTION FOR COURT TO ORDER
SERVICE TO BE MADE WITHIN
A SPECIFIED TIME

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff, Ryan Craig Stevens, respectfully moves the Court to "order [] service [of the summonses] be made within a specified time" "extend[ing] the time for service for an appropriate period."

In support of this motion, Plaintiff shows good cause, as follows:

1. Per Rule 4(b) of the Federal Rules of Civil Procedure, the Court failed to properly issue the summonses by excluding the Clerk's signature and/or Court's seal, after [P]laintiff [] present[ed] [the] summons[es] to the Clerk for signature and seal," on December 29, 2023; however, Plaintiff acknowledges the proposed summonses lacked a sufficient blank section for such at the bottom of the page.

2. On March 4, 2024, the Court Clerk issued the summonses, after becoming aware of the issue, having resized the pages in order for the summonses to bear the Clerk's signature and Court's seal.

3. On January 3, 2024, per the DECLARATION OF JESSE SCHAEFER, Mr. Schaefer makes the false statement, "On December 22, 2023, Plaintiff emailed me to request, for the first time, confirmation of the Individual Defendant's addresses. I updated and confirmed the addresses by email the same day" (D.E. 24-5 ¶ 10), as Plaintiff demanded Defendants' counsel to furnish the Individual Defendants' addresses on May 1, 2023, at 6:00 P.M., as follows: "Please furnish each of the Defendants' addresses" (Exhibit 1).

4. Defendants' counsel has acted in bad faith by failing to reasonably cooperate with Plaintiff, as withholding the Individual Defendants' addresses was inappropriate, unprofessional, and unreasonable, causing substantial disruption and delay of the court proceedings.

5. Mr. Schaefer's false declaratory statement is an attempt to benefit Defendants.

6. Mr. Schaefer's dilatory conduct of perjury has burdened and mislead the Court.

7. Mr. Schaefer's substantial delay to provide the addresses has caused irreversible damage.

8. On April 18, 2023, Jonathon Townsend (associate of Womble Bond Dickinson (US) LLP) states: "we also represent [the] [I]ndividual [D]efendants," while "accept[ing]" service on their behalf.

9. On April 21, 2023, Mr. Townsend states, "the four individual defendants may be served through us...Please do not contact them directly," refusing to furnish their addresses, causing substantial disruption and delay of the proceedings.

10. Plaintiff was not notified of Defendants' Notice of Filing Notice of Removal, until October 10, 2023, by the Individual Defendants' counsel, Jesse Schaefer, via email, consisting of a courtesy copy of the removal documents (Exhibit 2), which was not served until October 13, 2023.

11. On October 18, 2023, pursuant to the ORDER, the Clerk was "DIRECTED TO SCHEDULE a status conference and a hearing on the Motion for Extension" (held on November 3, 2023) regarding "issues referenced [therein] and whether the Court may exercise federal subject matter jurisdiction over this case," while the Court ordered "[t]he Motion for Extension (Doc. 2) [to be] HELD IN ABEYANCE," which suspended the court proceedings for seventeen (17) days, from October 18, 2023 through November 3, 2023.

12. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion [for extension of time,] or on its own [accord, and without good cause,] after notice to the plaintiff...[may] order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

13. On March 5, 2024, Plaintiff submitted the summonses to be issues by the Buncombe County Sherrif's Office; however, it may take approximately seven (7) days to process the service (see attachments).

14. Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, "…the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

WHEREFORE, Plaintiff respectfully requests the Court to order service of the summonses be made within a specified time, extending the time for service for an appropriate period.

Dated this 5th Day of March, 2024.

*Ryan Stevens*

Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

# CERTIFICATE OF SERVICE

I, PLAINTIFF, hereby certify the foregoing **MOTION FOR COURT TO ORDER SERVICE TO BE MADE WITHIN A SPECIFIED TIME** was filed, this day, via the CM/ECF system, served contemporaneously via U.S. mail and email to Defendants' counsel:

> Beth Tyner Jones, N.C. State Bar No. 15923
> Jesse A. Schaefer, N.C. State Bar No. 44773
> Womble Bond Dickinson (US) LLP
> 555 Fayetteville Street, Suite 1100
> Raleigh, NC 27601
> Telephone: (919) 755-8125
> Facsimile: (919) 755-6752
> Email: Jesse.Schaefer@WBD-US.com
> Beth.Jones@WBD-US.com
>
> Counsel for Defendants (Montreat College, et al.)

Dated this 5th Day of February, 2024.

_____
Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se