**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

| | |
|---|---|
| **RYAN CRAIG STEVENS**<br><br>Plaintiff,<br><br>v.<br><br>**MONTREAT COLLEGE;**<br>**DR. PAUL J. MAURER;**<br>**DR. DANIEL T. BENNETT;**<br>**DR. DOROTHEA K. SHUMAN;** and<br>**DR. RYAN T. ZWART,**<br><br>Defendants. | Hand-Delivered<br>**Case No. 1:23-cv-00284-MR-WCM**<br><br>**MOTION FOR COURT TO STATE THE**<br>**DEADLINE FOR SERVICE OF SUMMONS** |

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Ryan Craig Stevens, respectfully moves the Court to state the date the ninety (90) day period began for Plaintiff to serve the complaint and summonses on the Individual Defendants, including the extensions, and reasoning for the determination, in order to clearly verify the deadline. Simply, Plaintiff requests the Court to state the service deadline date.

In support of this motion, Plaintiff shows good cause, as follows:

1. Defendants' bad faith has caused substantial interference and delay of the Court proceedings.

2. Per the Court's Order, "the deadline for Plaintiff to serve Defendants should [not] be extended further," (Doc. 37); however, the extension date is unspecified.

3. On October 18, 2023, pursuant to the ORDER, the Clerk was "DIRECTED TO SCHEDULE a status conference and a hearing on the Motion for Extension" (held on November 3, 2023) regarding "issues referenced [therein] and whether the Court may exercise federal subject matter jurisdiction over this case," while the Court ordered "[t]he Motion for Extension (Doc. 2) [to be] HELD IN ABEYANCE," which suspended the court proceedings through November 3, 2023. Doc. 4.

4. On November 3, 2023, the Court ordered "Plaintiff SHALL FILE, on or before December 1, 2023, a Second Amended Complaint." On January 24, 2024, the Court "ORDERED THAT: 1. Plaintiff's

Motion for Extension of Time (Doc. 16) is GRANTED, and Plaintiff's Second Amended Complaint (Doc. 14) is DEEMED TIMELY FILED as of December 29, 2023." Doc. 4.

5. 90 days from December 29, 2023 (the date Plaintiff's Second Amended Complaint was filed), is March 28, 2024, which appears to be the date the ninety (90) day period ends for Plaintiff to serve the complaint and summonses on the Individual Defendants. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule...is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004).

6. On April 21, 2023, Defendants' counsel ordered Plaintiff "[t]o not contact the Individual Defendants."

7. On April 23, 2023, Defendants counsel promised Plaintiff, "we will accept service on behalf of all Defendants if you send one copy of the amended complaint and exhibits to our office. It will be considered timely and properly served."

8. On April 30, 2023, Defendants' counsel notified Plaintiff, "An email attaching the amended complaint is sufficient [for service]" in which it was emailed, and provided via the CM/ECF system.

9. Pursuant to the Supreme Court's decision of Henderson v. United States, 517 U.S. 654 (1996), it held that Rule 4's service of process provisions supersede the Suits in Admiralty Act provision that requires service on the United States be made "forthwith." Id. at 669-72. Per its discussion of Rule 4, the Supreme Court concluded (via judicial dicta) that Rule 4(m) accords courts the discretion to extend the time limitation, "even if there is no good cause shown." Id. at 662- 63 (quoting Advisory Committee Notes to Rule 4(m)). District courts may grant discretionary time extensions under Rule 4(m) without a showing of

good cause. See, e.g., Melton v. Tyco Valves & Controls, Inc., 211 F.R.D. 288 (D. Md. 2002) (Nickerson, J.) (finding that court possessed discretionary authority to enlarge time period even without showing of good cause); Cruz v. Hampden County, 1998 WL 812398, at *2 (D. Mass. November 6, 1998) (same conclusion).

WHEREFORE, Plaintiff respectfully moves the Court to state the date the ninety (90) day period began for Plaintiff to serve the complaint and summonses on the Individual Defendants, including the extensions, and reasoning for the determination, in order to clearly verify the deadline.

Dated this 13th Day of March, 2024.

*Ryan Stevens*

Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

## CERTIFICATE OF SERVICE

I, PLAINTIFF, hereby certify the foregoing **MOTION FOR COURT TO STATE THE DEADLINE FOR SERVICE OF SUMMONS** was filed, this day, via the CM/ECF system, served contemporaneously via U.S. mail and email to Defendants' counsel:

>Beth Tyner Jones, N.C. State Bar No. 15923
>Jesse A. Schaefer, N.C. State Bar No. 44773
>Womble Bond Dickinson (US) LLP
>555 Fayetteville Street, Suite 1100
>Raleigh, NC 27601
>Telephone: (919) 755-8125
>Facsimile: (919) 755-6752
>Email: Jesse.Schaefer@WBD-US.com
>Beth.Jones@WBD-US.com
>
>Counsel for Defendants, Montreat College, et al.

Dated this 13th Day of March, 2024.

_Ryan Stevens_

Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se