# EXHIBIT 4

Jonathon

**From:** Ryan Stevens <ryan_stevens316@icloud.com>
**Sent:** Sunday, April 30, 2023 7:34 PM
**To:** Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>
**Subject:** Re: Ryan Stevens v. Montreat College et al. - 22-CVS-3965 / Proof of service (actual receipt/proof) RE: Motion for 30 day extension - False affidavit (perjury)

Jonathan,

Please provide a proof of service receipt (non-affidavit; actual receipt, or proof of record) for the "Motion of Defendant[s] Montreat College for thirty-day extension of time to respond to complaint," as it was not served, rendering a false affidavit (constituting perjury), resulting in entry of default.

It appears there is no exception to this rule.

Do you disagree?

Thank you.

Sincerely,
Ryan

Sincerely,
Ryan


On May 1, 2023, at 4:02 PM, Townsend, Jonathon
<Jonathon.Townsend@wbd-us.com> wrote:

Ryan,

I disagree with your email for several reasons.

First, we served the motion for extension and order granting the motion by mail as permitted by Rule 5(b)(2).b. and as indicated on the certificate of service. I committed no perjury and submitted no "false affidavit" as you claim. Because the document was mailed, I do not have a proof of delivery by mail.

Second, we also tried to have the document served by Federal Express and experienced significant problems because we indicated a signature was required and the document was returned several times. We did, however, eventually remove the requirement for proof of signature and received the attached proof of delivery.

Third, putting aside your allegations about the motion for extension, we served and filed our motion to dismiss the complaint well before you filed any motion for entry of default and under Rule 12(a)(1), Montreat has no obligation to serve a responsive pleading until 20 days after the court rules on its pending motion to dismiss. Furthermore, you have yet to properly serve any of the individual defendants—even though I offered to accept service via email—and thus your motions for entry of default as to those defendants is improper.

Finally, I have not received an amended complaint even though you previously stated you would serve it last Friday, April 28, last night, April 30, and/or this morning.

Please confirm that you are withdrawing your motions for entry of default. If not, I will notice a hearing on those motions and seek all available remedies, including attorney's fees, incurred to oppose the motions.

Thank you.

Questions:

Which person mailed it?
Which mail carrier was used?
What date and time was it mailed?

You are not referring to the particular motion, but rather a different document.

To reiterate: Your first motion (30 day extension) was not mailed. You are referring to another document (motion to dismiss/more definite statement).

You instructed me to not serve the other defendants via their personal addresses.
Please furnish each of the Defendants' addresses.

Incorrect: I stated I will attempt to serve it ASAP, hopefully by the dates specified, per your requested, but unfortunately have not completed it, yet. I have invested a significant amount of time into the amended complaint, and am hopeful to finalize it, soon.

Although you were contacted on February 15, 2023, a response was not provided until April 18, 2023.
Furthermore, you did not answer the pertinent question until after 4:00 p.m., today, May 1, 2023, while referring to a different motion that was eventually served, but the motion for 30 day extension was not served.

Please furnish the account mail history, per the address and sent dates, by having the particular carrier print it.


Please note: It appears the particular motion was unintentionally not served (certainly not perjury, since you may have been unaware of the mistake); it is just false (invalid), and the carrier will verify such, per the account history.


Thank you.

**From:** Ryan Stevens <ryan_stevens316@icloud.com>
**Sent:** Tuesday, May 2, 2023 2:43 PM
**To:** Townsend, Jonathon <Jonathon.Townsend@wbd-us.com>
**Subject:** Re: Ryan Stevens v. Montreat College et al. - 22-CVS-3965 / False affidavit of motion for 30 day extension - Dated 11/22/2022

Jonathan,

The document you provided regards another motion (motion to dismiss / more definite statement), dated December 27, 2022.

Please provide the proof-of-delivery carrier document for the other motion (motion for 30 day extension, dated November 22, 2022), if it exists; otherwise, it is apparent it does not, constituting a false affidavit (potentially perjury), warranting entry of default.

Thank you.

Sincerely,
Ryan C. Stevens


> On May 1, 2023, at 6:00 PM, Ryan Stevens <ryan_stevens316@icloud.com> wrote:
>
> Jonathan,
>
> Thank you for the reply.
>
> The particular motion (30 day extension) was not mailed.
> The certificate of service is false, as it was not served, perhaps unintentionally.
> Therefore, please furnish the record of service, per the particular mail carrier.
> Simply, provide the account mail history, per the address and sent dates, by having the particular carrier print it.

**From:** "Townsend, Jonathon" <Jonathon.Townsend@wbd-us.com>
**Date:** May 2, 2023 at 3:09:28 PM EDT
**To:** Ryan Stevens <ryan_stevens316@icloud.com>
**Subject: Ryan Stevens v. Montreat College et al. - 22-CVS-3965 / False affidavit of motion for 30 day extension - Dated 11/22/2022**

Ryan,

We served the motion for extension and the order, which was granted, by U.S. mail without requiring proof of delivery and as allowed by Rule 5(b)(2).b. But there is no "proof" of delivery because it was sent by regular mail. Again, I submitted no false affidavit and have not committed perjury.

Furthermore, you have no right to an entry of default even if I had not moved for extension of time to respond to the complaint. Default judgment is only available if a party fails to file a responsive pleading, Rule 55(a), and in this case, Montreat College moved to dismiss the complaint under Rule 12, which obviates its need to file a responsive pleading before the Court rules on its motion to dismiss. In other words, even if I never moved for an extension and filed a motion to dismiss on December 29, 2022, you would have no right to entry of default because Montreat College already filed a motion to dismiss.

Although I will still accept service on behalf of the individual defendants, I do so without waiving any rights related to the validity or timeliness of the summons under Rule 4(d). Any prior agreement on that point is no longer valid because the amended complaint was not served by the time stated in the prior correspondence.

Best regards,
Jonathon

Additionally, you scheduled the hearing without verifying whether I would be able to attend. Therefore, please present hearing date options that work with your schedule, and I will let you know which one is suitable.

Please meet such, as I have a personal matter to attend in June.

Thank you.

Sincerely,
Ryan C. Stevens

demanding me to not serve the Defendants at their personal addresses, and refusing to furnish their addresses, without notifying me you would not accept it by a specific deadline, but rather requested me to complete it within a short period, and serve it (changing the requirements, recently; originally having to include 800+ pages of exhibits, requiring sufficient time to review and complete the request, especially as a pro se litigant), and understood I would submit it "ASAP," even though we were attempting to have it completed in time to receive a May scheduling.

Trying my best to serve it ASAP, especially considering you promised to accept it as timely and properly served on behalf of all Defendants, without a deadline/expiration date.

Although you were contacted on February 15, 2023, a response was not provided until April 18, 2023 (more than two months). Furthermore, you did not answer the pertinent question until after 4:00 p.m., on May 1, 2023, while providing the incorrect proof of service, and not notifying me, until May 2, 2023, "there is no 'proof' of delivery because it was sent by regular mail.

To reiterate, you promised the following:
"We doubt any amendment will cure the issues raised in our motion to dismiss but we will not oppose your request to amend the complaint and will strive to respond relatively quickly with an amended motion to dismiss any amended complaint that can be heard and decided by the Court."

"Yes, we will accept service on behalf of all Defendants if you send one copy of the amended complaint and exhibits to our office. It will be considered timely and properly served."

Therefore: Will you accept service of an amended complaint on behalf of all Defendants, as timely and properly served, as promised?

**From:** Ryan Stevens <ryan_stevens316@icloud.com>
**Date:** May 3, 2023 at 4:59:03 PM EDT
**To:** "Townsend, Jonathon" <Jonathon.Townsend@wbd-us.com>
**Subject: Re: Ryan Stevens v. Montreat College et al. - 22-CVS-3965 / False affidavit of motion for 30 day extension - Dated 11/22/2022 / Promise to accept service of an amended complaint on behalf of all Defendants, as timely and properly served**

Jonathon,

For the record –
By your own admission: You admit there is no proof of service for the motion for thirty-day extension, claiming there is no requirement of such proof, and that you mailed it via regular mail. Yet, you have proof of all other motions, correct?

Although you state, "you have no right to an entry of default even if I had not moved for extension of time to respond to the complaint" and "even if I never moved for an extension and filed a motion to dismiss on December 29, 2022, you would have no right to entry of default because Montreat College already filed a motion to dismiss," you have not presented a case, nor rule, explaining the reason you did not answer the complaint by the allotted time period.

The motion to dismiss the complaint was untimely, as it was not served, until December 29, 2022, which date of service exceeds the deadline to appear and answer the complaint, as it was filed October 25, 2022: exceeding the 30 day time limitation.

Now, you state you will not accept the amended complaint, as timely and properly served on Defendants, even though you promised you would accept such, if it was emailed, while

Additionally:

1. You admit there is no proof of service for the motion for thirty-day extension, claiming there is no requirement of such proof, and that you mailed it via regular mail.

2. You have not presented a case, nor rule, explaining the reason you did not answer the complaint by the allotted time period.

3. You state: "you have no right to an entry of default even if I had not moved for extension of time to respond to the complaint."

4. You state: "even if I never moved for an extension and filed a motion to dismiss on December 29, 2022, you would have no right to entry of default because Montreat College already filed a motion to dismiss."

5. The Complaint was severed on October 25, 2022.

6. Defendants' answer to the Complaint was not served, until after 30 days of the complaint service date, on December 27, 2022.

7. You imply Defendants failed to answer the complaint within 30 days, claiming it is permissible, without explaining the logical reasoning.

8. You promised to accept the amended complaint on behalf of all Defendants, as timely and properly served, but after I invested a significant amount of time into meeting your request - to get an earlier hearing date scheduled in order to please you - you now say: you will NOT accept it!

Thank you.

Sincerely,
Ryan

**From:** Ryan Stevens <ryan_stevens316@icloud.com>
**Date:** May 4, 2023 at 10:55:11 PM EDT
**To:** "Townsend, Jonathon" <Jonathon.Townsend@wbd-us.com>
**Subject: Re: Ryan Stevens v. Montreat College et al. - 22-CVS-3965 / False affidavit of motion for 30 day extension - Dated 11/22/2022 / Promise to accept service of an amended complaint on behalf of all Defendants, as timely and properly served / Hearing date availabilities**

Good morning Jonathon,

Hope you've had a good week.

When you're able, please respond.

To avoid scheduling conflicts -
Please let me know what hearing dates work best for you, so the date I choose does not have to be rescheduled.

As you know: It'd be courteous, especially to the court, if you'd be so kind to do so.
Wish you would have asked me what date works best for me, while presenting several options for June, as I have a personal matter to attend, rather than having it tentatively set for June 12, 2023.

As I plan to be out-of-state in June, I'd rather not have to rush back.
So, what hearing dates and times - in early July - work best for you?

Please confirm availability, per the civil motions calendar, so a hearing may be set by Ms. Crawford.

**From:** Ryan Stevens <ryan_stevens316@icloud.com>
**Date:** May 31, 2023 at 12:27:12 PM EDT
**To:** "Townsend, Jonathon" <Jonathon.Townsend@wbd-us.com>
**Subject: Re: Ryan Stevens v. Montreat College et al. - 22-CVS-3965 / Hearing to be scheduled: July 24 at 10:30 a.m.**

Good afternoon Jonathon,

Hope you are doing well.

If it works with your schedule:

Please schedule the hearing for July 24, 2023 at 10:30 A.M., as Ms. Crawford has confirmed the availability.

Thank you.

Sincerely,
Ryan