# EXHIBIT 5

From: Townsend, Jonathon Jonathon.Townsend@wbd-us.com
Subject: Ryan Stevens v. Montreat College et al. - 22-CVS-3965 / Proof of service (actual receipt/proof) RE: Motion for 30 day extension - False affidavit (perjury)
Date: May 1, 2023 at 4:02:16 PM
To: Ryan Stevens ryan_stevens316@icloud.com

Ryan,

I disagree with your email for several reasons.

First, we served the motion for extension and order granting the motion by mail as permitted by Rule 5(b)(2).b. and as indicated on the certificate of service. I committed no perjury and submitted no "false affidavit" as you claim. Because the document was mailed, I do not have a proof of delivery by mail.

Second, we also tried to have the document served by Federal Express and experienced significant problems because we indicated a signature was required and the document was returned several times. We did, however, eventually remove the requirement for proof of signature and received the attached proof of delivery.

Third, putting aside your allegations about the motion for extension, we served and filed our motion to dismiss the complaint well before you filed any motion for entry of default and under Rule 12(a)(1), Montreat has no obligation to serve a responsive pleading until 20 days after the court rules on its pending motion to dismiss. Furthermore, you have yet to properly serve any of the individual defendants—even though I offered to accept service via email—and thus your motions for entry of default as to those defendants is improper.

Finally, I have not received an amended complaint even though you previously stated you would serve it last Friday, April 28, last night, April 30, and/or this morning.

Please confirm that you are withdrawing your motions for entry of default. If not, I will notice a hearing on those motions and seek all available remedies, including attorney's fees, incurred to oppose the motions.

Thank you.

Jonathon