UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| RYAN CRAIG STEVENS<br><br>Plaintiff,<br><br>v.<br><br>MONTREAT COLLEGE;<br>DR. PAUL J. MAURER;<br>DR. DANIEL T. BENNETT;<br>DR. DOROTHEA K. SHUMAN; and<br>DR. RYAN T. ZWART,<br><br>Defendants. | Case No. 1:23-cv-00284-MR-WCM<br><br>BRIEF IN SUPPORT OF<br>MOTION TO WITHDRAW CASE |

Plaintiff, Ryan Craig Stevens, pursuant to Rule 41 of the Federal Rules of Civil Procedure, respectfully moves the Court to withdraw the case in order for Plaintiff to refile it, unless the Court deems Defendants properly and timely served, and grants Plaintiff's Motion for Leave to File a Third Amended Complaint, or the Motion for Leave to File a Fourth Amended Complaint.

In support of this motion, Plaintiff shows good cause, as follows:

1. On March 2, 2023, the Individual Defendants received notice of the alias and pluries summons, and acknowledged receipt, while waiving service, as the Individual Defendants "authorized [Womble Bond Dickinson (US) LLP] to accept service on [their] behalf..." (Doc. 24-5, Ex. A at 16). (Docs. 24-1, Ex. A at 2-9; 24-2, Ex. A at 2-9; 24-3 Ex. A at 2-9; 24-4 Ex. A at 2-9)

2. On April 18, 2023, Defendants' counsel, Jonathon Townsend, states: "we also represent [the] [I]ndividual [D]efendants," while acknowledging and "accept[ing]" service. (Doc. 24-5 Ex. A at 16)

3. On October 6, 2023, Defendants filed a Notice of Removal, accepting service of process.

4. The case was removable within 30 days after formal service of process of the initial pleading (28 U.S.C. § 1446(b)(1)) in which the 30-day period did not begin until Plaintiff effectuated formal

service of process (Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999)), as proper service of the filing of a summons, or complaint, initiates the removal clock (Id. at 347–348), and Defendants must consent to removal (28 U.S.C. § 1446(b)(2)(A)); see also Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019)). Defendants indeed consented to removal of the case.

5. Plaintiff executed service of the complaint and summonses, several times, although Defendants accepted service as proper and timely.

6. Defendants consented to removal of the case, forfeiting a claim, or defense, to proper service.

7. Plaintiff filed the Motion for Leave (Doc. 20), dated January 19, 2024, within 21 days from the Second Amended Complaint filing date of December 29, 2023 (Doc. 14), and before Defendants served their answers in which the Individual Defendants' response was filed on January 30, 2024, 32 days later (Doc. 24), exceeding the 21-day time requirement for a defendant to serve a responsive pleading, resulting in violation of Rule 12(a)(1)(A)(i), constituting failure to appear.

8. Plaintiff's Motion for Leave was denied, as it "does not indicate that Plaintiff has consulted with defense counsel" and "it is not clear whether Plaintiff seeks leave to file yet another amended complaint, or whether he is seeking retroactive permission to file his Third Amended Complaint" (Doc. 21. p. 5, par. 3).

9. Plaintiff moves to amend the complaint in order to aid in presenting the merits of the case, while correcting errors, and listing the specific state statutes in which it is unclear whether the Court has exercised its discretion to accept supplemental jurisdiction over the state-law claims.

10. On May 1, 2023, Defendants' counsel coerced Plaintiff to file the "[First] Amended Complaint," demanding "the exhibits remain the same (no changes to the Exhibit numbers or additional exhibits)," within 24 non-business hours (Exhibit 1), and coercing him via threatening that if he did not withdraw his motions for entry of default, he would be sued (Exhibit 2, par. 6).

11. On November 3, 2023, the Court ordered Plaintiff to "FILE…a Second Amended Complaint" (Doc. 4).

12. Per the form, Pro Se 1 (Rev. 12/16) Complaint for a Civil Case, the Court directed Plaintiff to only "list the specific federal statutes...," excluding the state-law claims, within his complaint.

13. The Second Amended Complaint was filed on December 29, 2023, as Defendants removed the case from state court to federal court, as it implicates federal question, consisting of factual allegations pertaining to state and federal law, including errors, requiring correction, which may be reasonably amended, upon Court order, at least once, "as a matter of course," and as "the court should freely give leave when justice so requires," pursuant to Rule 15(a)(1) and (2) of the FRCP.

14. It is uncertain as to whether the Court has exercised its discretion to accept, or decline, supplemental jurisdiction over the state-law claims.

15. Granting Plaintiff a Motion for Leave to file a Third Amended Complaint will resolve the issues, which must be reasonably addressed in which it will clearly present the merits of the case.

16. The Individual Defendants' answer (Doc. 24), filed January 30, 2024, to Plaintiff's Second Amended Complaint (Doc. 14), filed December 29, 2023, was filed tardy (32 days later), exceeding the 21-day time requirement for a defendant to serve a responsive pleading, resulting in violation of Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, constituting failure to appear.

17. On January 12, 2024, Montreat College filed its Motion to Dismiss Second Amended Complaint (Doc. 18), along with the Brief (Doc. 19), consisting of supporting memorandum in which the United States Magistrate Judge, W. Carleton Metcalf, states: "This document is captioned as being made on behalf of 'Defendants' but the text of the motion and supporting memorandum indicate it is made solely by Montreat [College]" (Doc. 21, p. 4, n. 1).

18. On January 24, 2024, the Court "ORDERED THAT: 1. Plaintiff's Motion for Extension of Time (Doc. 16) is GRANTED, and Plaintiff's Second Amended Complaint (Doc. 14) is DEEMED TIMELY FILED as of December 29, 2023" (Doc. 21).

19. Per Rule 4(b) of the Federal Rules of Civil Procedure, the Court failed to properly issue the summonses by excluding the Clerk's signature and/or Court's seal, after "[P]laintiff [ ] present[ed]

[the] summons[es] to the Clerk for signature and seal," on December 29, 2023; however, Plaintiff acknowledges the proposed summonses lacked a sufficient blank section at the bottom of the page.[1]

20. On March 4, 2024, the Clerk reissued the summonses, bearing the Court Clerk's signature and Court's seal, due to the Court's error in "sign[ing], seal[ing], and issu[ing]" the summonses.

21. On April 8, 2024, the Court's Operations Supervisor, Missy Frisch, opined the impression of the Court's raised seal on a summons was sufficient as meeting the following requirements of Rule 4 of the Federal Rules of Civil Procedure: a summons must: "(F) be signed by the clerk; and (G) bear the court's seal."

WHEREFORE, Plaintiff respectfully requests the Court withdraw the case.

Dated this 21st Day of June, 2024.

*[signature]*

Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

---

[1] The Court presented the Summons in a Civil Action form, which does not indicate the amount of required spacing.

## CERTIFICATE OF SERVICE

I, PLAINTIFF, hereby certify the foregoing **MOTION TO WITHDRAW** was filed, this day, via the CM/ECF system, and served contemporaneously via mail and email to Defendants' counsel:

>Beth Tyner Jones, N.C. State Bar No. 15923
>Jesse A. Schaefer, N.C. State Bar No. 44773
>Womble Bond Dickinson (US) LLP
>555 Fayetteville Street, Suite 1100
>Raleigh, NC 27601
>Telephone: (919) 755-8125
>Facsimile: (919) 755-6752
>Email: Jesse.Schaefer@WBD-US.com
>Beth.Jones@WBD-US.com
>
>Counsel for Defendants, Montreat College, et al.

Dated this 21st Day of June, 2024.

_/s/ Ryan Stevens_

Ryan Craig Stevens

23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se