IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00284-MR-WCM

RYAN CRAIG STEVENS,            )
                               )
            Plaintiff,         )
                               )
vs.                            )   **MEMORANDUM OF**
                               )   **DECISION AND ORDER**
MONTREAT COLLEGE, DR. PAUL     )
J. MAURER, DR. DANIEL BENNETT, )
DR. DOROTHEA SHUMAN, and       )
DR. RYAN ZWART,                )
                               )
            Defendants.        )
_____)

**THIS MATTER** is before the Court on the following motions:

(1) Defendant Montreat College's Motion to Dismiss Second Amended Complaint [Doc. 18];

(2) The Individual Defendants' Motion to Dismiss Second Amended Complaint [Doc. 24];

(3) The Plaintiff's Motion for Court to State the Deadline for Service of Summons [Doc. 40];

(4) The Plaintiff's Motion for Appropriate Sanctions [Doc. 41];

(5) The Plaintiff's Motion for Default Judgment [Doc. 53];

(6) The Plaintiff's Motion for Leave to File a Third Amended Complaint [Doc. 54];

(7) The Plaintiff's Motion for Leave to File a Fourth Amended Complaint [Doc. 55];

(8) The Plaintiff's Motion for Extension of Time [Doc. 56];

(9) The Plaintiff's Motion for Order Deeming Defendants Properly and Timely Served [Doc. 57];

(10) The Plaintiff's Motion to Withdraw Case [Doc. 58];

(11) The Individual Defendants' Motion to Quash [Doc. 49]; and

(12) The Defendants' Motion to Strike Fourth Amended Complaint [Doc. 51].

## I. PROCEDURAL BACKGROUND

The lengthy procedural history of this case is detailed in prior orders of this Court. [Docs. 21, 32]. It will therefore not be repeated in full here. The Plaintiff Ryan Craig Stevens ("Plaintiff") originally filed suit in Buncombe County Superior Court on October 25, 2022, alleging several federal civil rights claims related to his time as a student at, and his eventual expulsion from, Montreat College. [Doc. 1]. The Plaintiff names as Defendants Montreat College, as well as Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart (collectively, "the Individual Defendants"). On October 6, 2023, prior to service on the Individual Defendants, Montreat College removed the action to this Court. [Id.]. The Plaintiff thereafter filed his Second Amended Complaint, the now operative complaint in this matter, on December 29, 2023. [Doc. 14].

In his Second Amended Complaint, the Plaintiff brings claims under 42 U.S.C. § 1983 for the violation of his First Amendment rights to free exercise of religion and free speech and for violation of his due process rights under the Fourteenth Amendment; Title IV of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000c-2 to 2000c-9; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; the Age Discrimination Act of 1975 ("ADA"), 42 U.S.C. § 6101 et seq.; the Family Educational Rights and Privacy Act of 1964 ("FERPA"), 20 U.S.C. § 1232g; and 25 C.F.R. § 11.404. [Doc. 14].

Montreat College and the Individual Defendants now move to dismiss the Plaintiff's Second Amended Complaint.[1] [Docs. 18, 24]. The Plaintiff filed a response, which is primarily directed to the Individual Defendants' Motion to Dismiss. [See Doc. 27]. Despite being given the opportunity to do so [Docs. 26, 32], the Plaintiff has not filed any other responses, and the time to do so has passed.

Having been fully briefed, this matter is now ripe for disposition.

---

[1] In addition to moving for dismissal under Rule 12(b)(6), the Individual Defendants also move to dismiss the Plaintiff's claims against them pursuant to Rules 12(b)(2), (b)(4) and 12(b)(5). Because the Court finds Rule 12(b)(6) to be dispositive of the Defendants' motions, the Court need not address the Defendants' arguments regarding insufficient process, insufficient service of process, and a lack of personal jurisdiction.

3
Case 1:23-cv-00284-MR-WCM   Document 63   Filed 11/04/24   Page 3 of 14

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, see Revene v. Charles Cty. Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, Papasan v. Allain, 478 U.S. 265, 286 (1986), or

conclusory factual allegations devoid of any reference to actual events, United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

## III. FACTUAL BACKGROUND

Viewing the well-pled allegations set forth in the Second Amended Complaint as true, the following is a recitation of the relevant facts.

The Plaintiff was a student at Montreat College from the beginning of the Fall semester of 2019 through October 22, 2020. [Doc. 14 at ¶ 12]. The Plaintiff alleges that during his time as a student, the Defendants forced him to "censor his speech and religious expression on and off campus." [Id. at ¶ 14]. This included "using preferred pronouns that contradict a person's biological gender" and "sharing the restroom and tent with someone of a different biological gender." [Id.]. The Plaintiff alleges that he was wrongfully expelled because of his refusal to comply with Montreat College's "Community Standards," which he alleges include "speech-restrictive, overbroad, and vague" policies. [Id. at ¶¶ 19, 21]. In his Complaint, the Plaintiff refers to several different instances that he alleges violated his right to religious freedom, including Defendant Dr. Shuman "promot[ing] the LGBTQ agenda" in her curriculum, telling Plaintiff not to pray for an individual and then threatening the Plaintiff not to tell anyone that she had done so,

and ordering him to change his speech topic "regarding the purpose and plan God has for us." [Id. at ¶¶ 27, 29, 30]. The Plaintiff also alleges that on one occasion, Dr. Bennett greeted the Plaintiff by raising his voice and stating, "What are you, 40! [sic]" [Id. at ¶ 33].

The Plaintiff describes additional issues with his assignments and grades during his time at Montreat. [Id. at ¶¶ 44-47]. He describes an incident where Dr. Shuman "forced [the Plaintiff] to take midterm exams (outside of class time), when he was sick, even though a doctor's excuse was presented." [Id. at ¶ 42]. In another instance, he alleges that Dr. Shuman refused to give him feedback on a completed assignment even though she provided feedback to other students. [Id. at ¶ 52]. He also alleges that Dr. Shuman filed a complaint against him which led to Dr. Bennett issuing the Plaintiff an interim suspension. [Id. at ¶ 54]. The Plaintiff also alleges that Dr. Zwart sent him an "unprofessional email" and that he failed to resolve an issue that the Plaintiff was having with submitting his assignments online. [Id. at ¶¶ 56-57].

Finally, in November 2020, Montreat College notified the Plaintiff's employer of his dismissal from the Outdoor Recreation Studies Department, which the Plaintiff alleges caused him to resign from his position as a volunteer firefighter. [Id. at ¶ 59].

## IV. DISCUSSION

### A. Section 1983 Claims

The Plaintiff's First and Fourteenth Amendment claims are brought pursuant to 42 U.S.C. § 1983. "Under 42 U.S.C. § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

The Plaintiff brings constitutional claims against Montreat College, a private educational institution, and the Individual Defendants, all of whom are private parties employed by Montreat College. The Fourth Circuit has held that a private party's action can be treated as state action where "the private party acts (1) in an exclusively state capacity, (2) for the state's direct benefit, or (3) at the state's specific behest." Modaber v. Culpeper Mem'l Hosp., Inc., 674 F.2d 1023, 1025 (4th Cir. 1982). Nowhere in his Complaint does the Plaintiff allege any facts showing that any of the Defendants were acting in a state capacity, at the direction of the state, or for the state's benefit. Therefore, the Plaintiff has failed to allege that any of the Defendants were acting under color of state law, and his § 1983 claims must be dismissed.

7

Case 1:23-cv-00284-MR-WCM    Document 63    Filed 11/04/24    Page 7 of 14

## B. Title IV Claim

Title IV of the Civil Rights Act, codified in 42 U.S.C. §§ 2000c-2 to 2000c-9, is part of a statutory scheme concerning the desegregation of public schools and does not on its own provide a private cause of action. Dai v. Le, No. 23-30504, 2024 WL 415458, at *5 (5th Cir. Feb. 5, 2024). The Plaintiff's claims under Title IV therefore fail as a matter of law and must be dismissed.

## C. Title IX Claim

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). "In the Title IX context, discrimination 'means treating that individual worse than others who are similarly situated.'" Grimm v. Gloucester Cnty. Sch. Bd., 972 F.3d 586, 618 (4th Cir. 2020), as amended (Aug. 28, 2020) (quoting Bostock v. Clayton Cnty., Georgia, 590 U.S. 644, 657 (2020)) (alterations omitted).

The Plaintiff has not alleged any facts that support a claim of sex discrimination under Title IX. In fact, in his Title IX claim the Plaintiff presents his allegations in terms of religious discrimination, asserting that "Defendants acted deliberately indifferent toward Plaintiff, due to his religious expression, speech, and age." [Doc. 14 at ¶ 89]. Furthermore, the events alleged by the

8
Case 1:23-cv-00284-MR-WCM    Document 63    Filed 11/04/24    Page 8 of 14

Plaintiff do not describe any instance of him being treated differently from others similarly situated because of his sex. Therefore, the Plaintiff's Title IX claim will be dismissed with prejudice.

### D. ADA Claim

The ADA provides, in pertinent part, that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. The ADA also provides that:

> (1) When any interested person brings an action in any United States district court for the district in which the defendant is found or transacts business to enjoin a violation of the Act . . . , such interested person shall give notice by registered mail not less than 30 days prior to the commencement of the action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed . . . .
>
> (2) The notice . . . shall state the nature of the alleged violation, the relief to be requested, [and] the court in which the action will be brought . . . . No action described in paragraph (1) shall be brought . . . (B) if administrative remedies have not been exhausted.

42 U.S.C. § 6104(e).

The Plaintiff here has made no assertion that he has exhausted his administrative remedies by giving notice to the required parties. Therefore,

his claim must be dismissed on this basis alone. Additionally, the only allegation that the Plaintiff makes that relates to his age is an incident where Dr. Bennet said to him, "What are you, 40! [sic]." [Doc. 14 at ¶ 33]. This seemingly isolated incident is not sufficient to state a viable claim for age discrimination under the ADA, as it provides no indication that the Plaintiff's age was even a factor that led to the academic sanctions imposed against him or to his ultimate expulsion. In fact, nowhere in the Second Amended Complaint does the Plaintiff even allege what his age is.

For these reasons, the Plaintiff's ADA claim will be dismissed with prejudice.

### E. FERPA Claim

FERPA's statutory provisions do not create enforceable rights and cannot support a private right of action. Gonzaga Univ. v. Doe, 536 U.S. 273, 287 (2002). Therefore, the Plaintiff has no viable claim under FERPA, and this claim will be dismissed with prejudice.

### F. False Imprisonment Claim

The Plaintiff also alleges a claim under 25 C.F.R. § 11.404, which provides that "[a] person commits a misdemeanor if he or she knowingly restrains another unlawfully so as to interfere substantially with his or her liberty." 25 C.F.R. § 11.404. This regulation, however, is part of a regulatory

scheme that applies to the Courts of Indian Offenses and therefore is not an available claim in this Court. 25 C.F.R. § 11.104. Therefore, the Plaintiff's claim under this regulation fails as a matter of law and must be dismissed.

### G. Leave to Amend

After the Defendants filed their Motions to Dismiss the Plaintiff's Second Amended Complaint, the Plaintiff filed a Motion for Leave to File a Third Amended Complaint [Doc. 54], a Motion for Leave to File a Fourth Amended Complaint [Doc. 55], and a Motion to Withdraw Case [Doc. 58]. Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986)).

Here, the Court finds that any further amendment by the Plaintiff would be futile, as the facts presented by the Plaintiff do not state any viable claim for relief, and the proposed Third and Fourth Amended Complaints would pose the same issues under Federal Rule of Civil Procedure 12(b)(6). The

Court further finds that the interests of justice do not require granting the Plaintiff's motion for leave to amend his complaint for a third or fourth time. The Defendants have already filed motions to dismiss and have otherwise invested significant time and resources into defending this action, which had already been pending for over a year when the Court allowed the Plaintiff to file a Second Amended Complaint. [Doc. 4]. Allowing further amendment would prejudice the Defendants, as they would have to conduct further research and revise their pending motions to dismiss based on the new legal theories presented by the Plaintiff. Finally, the procedural history of this case and the excessive filings by the Plaintiff lead this Court to find that the Plaintiff is acting in bad faith by attempting to further delay the inevitable dismissal of his case. Accordingly, the Plaintiff's request to voluntarily dismiss this action so that he may refile it at a later date must be denied as well.

For all of these reasons, the Plaintiff's Motion for Leave to File a Third Amended Complaint [Doc. 54] and Motion for Leave to File a Fourth Amended Complaint [Doc. 55] will be denied. For the same reasons, the Plaintiff's Motion to Withdraw Case [Doc. 58] will also be denied, and the Defendants' Motion to Strike Fourth Amended Complaint [Doc. 51] will be granted.

**H. Sanctions**

As for the Plaintiff's Motion for Appropriate Sanctions [Doc. 41], none of the actions of defense counsel described in said motion warrants the imposition of sanctions. To the contrary, it appears that counsel was attempting to be cooperative and to resolve the issues with service with the Plaintiff without either party having to make additional court filings. Indeed, none of the exhibits the Plaintiff submits in support of his motion for sanctions demonstrate anything other than respectful and professional conduct and communication on the part of defense counsel. Therefore, the Plaintiff's Motion for Appropriate Sanctions [Doc. 41] will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant Montreat College's Motion to Dismiss Second Amended Complaint [Doc. 18] and the Individual Defendants' Motion to Dismiss Second Amended Complaint [Doc. 24] are **GRANTED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Plaintiff's Second Amended Complaint [Doc. 14] is **DISMISSED WITH PREJUDICE;**

(2) The Plaintiff's Motion for Court to State the Deadline for Service of Summons [Doc. 40], Motion for Appropriate Sanctions [Doc. 41], Motion for Default Judgment [Doc. 53], Motion for Leave to File a Third Amended Complaint [Doc. 54], Motion for Leave to File a Fourth Amended Complaint [Doc. 55], Motion for Extension of Time [Doc. 56], Motion for Order Deeming Defendants Properly and Timely Served [Doc. 57], Motion to Withdraw Case [Doc. 58] are **DENIED**; and

(3) The Individual Defendants' Motion to Quash [Doc. 49] and Defendants' Motion to Strike Fourth Amended Complaint [Doc. 51] are **GRANTED.**

The Clerk of Court is respectfully directed to terminate this civil action.

**IT IS SO ORDERED.**

Signed: November 4, 2024

Martin Reidinger
Chief United States District Judge