UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1-23-cv-00284-MR-WCM

| | |
|---|---|
| RYAN CRAIG STEVENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MONTREAT COLLEGE, DR. PAUL J. MAURER, DR. DANIEL BENNETT, DR. DOROTHEA SHUMAN, and DR. RYAN ZWART,<br><br>　　　　Defendants. | **BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR COURT TO REVERSE DECISION GRANTING DEFENDANTS' MOTION TO DISMISS** |

Defendants Montreat College ("Montreat"), Dr. Paul J. Maurer ("Dr. Maurer"), Dr. Daniel Bennett ("Dr. Bennett"), Dr. Dorothea Shuman ("Dr. Shuman"), and Dr. Ryan Zwart ("Dr. Zwart" and collectively with Montreat, Dr. Maurer, Dr. Bennett, and Dr. Shuman "Defendants"), submit this Brief in Opposition to the "Motion for Reversal of the Order Granting Defendants' Motion to Dismiss" (D.E. 67) (the "Motion") filed by Plaintiff Ryan Stevens ("Plaintiff").

## PROCEDURAL BACKGROUND

Plaintiff filed his first lawsuit against Defendants in the Superior Court for Buncombe County, North Carolina, on October 24, 2022 (the "Original Action"), vaguely asserting that Defendants "committed tort and criminal violations against him [.]" (D.E. 1-1 (the "Original 2022 Complaint"), at 1–2.). Montreat removed the Original Action to this Court on October 6, 2023. (D.E. 1.) On December 29, 2023,

Plaintiff filed a Second Amended Complaint with leave of the Court (the "Amended 2022 Complaint"). (D.E. 14.). On January 19, 2024, Montreat filed a Motion to Dismiss the Amended 2022 Complaint. (D.E. 18, 19). On January 30, 2024, the Individual Defendants filed their Motion to Dismiss the Amended 2022 Complaint. (D.E. 24, 25).

This Court granted Defendants' motions to dismiss all claims filed by Plaintiff by order dated November 4, 2024. (D.E. 63, 64). On December 11, 2024, Plaintiff filed his Motion, which seeks to "reverse" the Court's entry of final judgment in this case in Defendants favor. (D.E. 67).

## ARGUMENT

Plaintiff's Motion should be denied because it is in violation of this Court's rules, is untimely, and is entirely without merit.

### I. Plaintiff's Motion violates this Court's rules.

Plaintiff's Motion should be denied because it violates this Court's rules. Plaintiff filed no brief in support of the Motion, despite being required to do so by the Court's Local Rule 7.1(c). *See* LCvR 7.1(c). For this reason alone, the Court should deny Plaintiff's Motion.

### II. Plaintiff's Motion is untimely.

Plaintiff's Motion also must be denied because it was filed too late. Rule 59(e) motions must be filed within 28 days after the judgment is entered. Fed. R. Civ. P. 59(e). The Court has no discretion to extend this period. Fed. R. Civ. P. 6(b); *see also, e.g., Panhorst v. United States*, 241 F.3d 367, 372 (4th Cir. 2001) ("An untimely Rule

2

WBD (US) 4900-5580-4936
Case 1:23-cv-00284-MR-WCM    Document 68    Filed 12/18/24    Page 2 of 7

59 motion is never proper because the Rules expressly forbid an extension of time for such a motion."); *Hunter v. United States*, No. 3:18-cv-00421-MOC, 2023 U.S. Dist. LEXIS 208858, at *3-4 (W.D.N.C. Nov. 20, 2023) (noting that "the district court is without jurisdiction to extend [the] time period" under Rule 59(e) and that "the Court cannot equitably toll the time period for filing a Rule 59(e) motion...") (citations omitted). Since judgment in this action was entered on November 4, 2024 (D.E. 63, 64), any Rule 59(e) motion had to have been filed by December 2, 2024. The Motion was filed nine (9) days late, on December 11, 2024. (D.E. 67.)[1] Accordingly, the Motion must be denied.

### III. Plaintiff's Motion is without merit.

The Motion should also be denied because it is entirely without merit. Plaintiff has failed to show why he is entitled to the "extraordinary remedy" he seeks. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.") (citations omitted). "The Fourth Circuit has recognized three limited grounds under which a district court may grant a motion for reconsideration under Rule 59(e): '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Matter of Vulcan Constr. Materials,*

---

[1] Because the Motion was not timely, it also does not stay Plaintiff's deadline to appeal the final judgment in this action, which expired on December 4, 2004. *See, e.g., Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001) ("An untimely Rule 59(e) motion does not defer the time for filing an appeal, which continues to run from the entry of the initial judgment or order.").

3

*LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).)

Plaintiff cannot satisfy, and indeed makes no attempt to satisfy, any of these three factors. First, Plaintiff does not identify (and undersigned counsel is unaware of) any intervening change in the controlling law since the motions to dismiss were granted. Second, Plaintiff identifies no new evidence that was unavailable to him when he filed his complaint and, regardless, has produced no "'legitimate justification for not presenting' the evidence during the earlier proceeding," as Plaintiff must. *Pac. Ins. Co.*, 148 F.3d at 403. Indeed, the only "new" evidence that Plaintiff identifies in his Motion is communications with Montreat employees that Plaintiff admits occurred in 2019, nearly five (5) years before Plaintiff filed his Motion. *See* (D.E. 67, ¶¶7-11). This is not "new" evidence that was unavailable to Plaintiff when he filed his complaint and so cannot support Plaintiff's Motion.

Third, and finally, Plaintiff cannot establish that the Court committed a "clear error of law" or worked any "manifest injustice" against Plaintiff in granting Defendants' motions to dismiss. Plaintiff has presented no evidence or meaningful argument to establish any such "clear error of law" or "manifest injustice" here. *See generally* (D.E. 67). Rather, Plaintiff's complaint was properly dismissed by the Court because that complaint was riddled with procedural and substantive infirmities that Plaintiff failed to correct despite being given leave by the Court to amend his complaint numerous times over a period of two years.

4

WBD (US) 4900-5580-4936
Case 1:23-cv-00284-MR-WCM    Document 68    Filed 12/18/24    Page 4 of 7

Plaintiff also appears to be asserting that he has a constitutional right not to have his case dismissed because he requested a jury trial. (D.E. 67, ¶1). That is simply wrong. *See, e.g., Hahn v. New Jersey*, 803 Fed. App'x 667, 668 (3d Cir. 2020) ("The Seventh Amendment does not prevent a District Court from dismissing a complaint in a case, like this one, where the plaintiff has failed to plead a plausible claim."); *Van Velzer v. Amegy Bank*, 713 Fed. App'x 377, 378 (5th Cir. 2018) (holding that Plaintiff's "argument that the dismissal of his complaint under Rule 12(b)(6) violated his constitutional right to a jury trial under the Seventh Amendment lacks merit"); *Henry v. Jones*, 484 Fed. App'x 290, 291 (11th Cir. 2012) ("Because dismissal under Rule 12(b)(6) was proper, [Plaintiff's] Seventh Amendment right to a trial by jury was not violated."); *Sakalosh v. BMW Mfg. Co.*, LLC, Civil Action No. 7:20-cv-4306-TMC, 2022 U.S. Dist. LEXIS 254006, at *4 (D.S.C. Apr. 15, 2022) (same).

Plaintiff also seems to be suggesting that his Motion should be granted because he may discover new evidence in support of his claims if he is allowed to engage in discovery. (D.E. 67, ¶2). Plaintiff's argument is without merit. The Court decided this case on Defendants' motions to dismiss, which limited the Court's inquiry to determining whether the "complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *See, e.g., Voter Integrity Project NC, Inc. v. Wake Cty. Bd. of Elections*, 301 F. Supp. 3d 612, 614 (E.D.N.C. 2017). Plaintiff's complaint could not survive even this forgiving standard of review and so was dismissed. (D.E. 63, 64). Whether Plaintiff would have subsequently uncovered evidence capable of allowing his case to survive

5

WBD (US) 4900-5580-4936
Case 1:23-cv-00284-MR-WCM    Document 68    Filed 12/18/24    Page 5 of 7

summary judgment or even trial is irrelevant to the Court's consideration of whether it decided Defendants' motions to dismiss correctly, which, of course, it did.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied.

Respectfully submitted, this the 18th day of December, 2024.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Jesse A. Schaefer
Beth Tyner Jones, N.C. State Bar No. 15923
Jesse Schaefer, N.C. State Bar No. 44773
Zachary S. Buckheit, N.C. State Bar No. 55123
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8182
Facsimile: (919) 755-6752
Email: jesse.schaefer@wbd-us.com
  beth.jones@wbd-us.com
  zach.buckheit@wbd-us.com

*Counsel for Defendant Montreat, Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart*

6

WBD (US) 4900-5580-4936
Case 1:23-cv-00284-MR-WCM    Document 68    Filed 12/18/24    Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing in the CM/ECF system and served the foregoing to the following persons via U.S. mail and email:

> Ryan Stevens
> 23 Sleepy Hollow Lane
> Swannanoa, NC 28778
> Email: ryan_stevens316@icloud.com
> *Pro se Plaintiff*

This the 18th day of December, 2024.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Jesse A. Schaefer
Beth Tyner Jones, N.C. State Bar No. 15923
Jesse Schaefer, N.C. State Bar No. 44773
Zachary S. Buckheit, N.C. State Bar No. 55123
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8182
Facsimile: (919) 755-6752
Email: jesse.schaefer@wbd-us.com
beth.jones@wbd-us.com
zach.buckheit@wbd-us.com

*Counsel for Defendant Montreat, Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart*