UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1-23-cv-00284-MR-WCM

| | |
|---|---|
| RYAN CRAIG STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>MONTREAT COLLEGE, DR. PAUL J. MAURER, DR. DANIEL BENNETT, DR. DOROTHEA SHUMAN, and DR. RYAN ZWART,<br><br>Defendants. | **BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Defendants Montreat College ("Montreat"), Dr. Paul J. Maurer ("Dr. Maurer"), Dr. Daniel Bennett ("Dr. Bennett"), Dr. Dorothea Shuman ("Dr. Shuman"), and Dr. Ryan Zwart ("Dr. Zwart" and collectively with Montreat, Dr. Maurer, Dr. Bennett, and Dr. Shuman "Defendants"), submit this Brief in Opposition to the "Motion for Leave to File an Amended Complaint" (D.E. 66) (the "Motion") filed by Plaintiff Ryan Stevens ("Plaintiff").

## PROCEDURAL BACKGROUND

### Plaintiff files the Original Action in 2022.

Plaintiff filed his first lawsuit against Defendants in the Superior Court for Buncombe County, North Carolina, on October 24, 2022, vaguely asserting that Defendants "committed tort and criminal violations against him [.]" (D.E. 1-1 (the "Original 2022 Complaint"), at 1–2.).

Montreat removed the action to this Court on October 6, 2023. (D.E. 1.) On December 29, 2023, Plaintiff filed a Second Amended Complaint with leave of the Court (the "Amended 2022 Complaint"). (D.E. 14.). On January 11, 2024, Plaintiff filed a Third Amended Complaint without the Court's leave or Defendants' consent. (D.E. 17). The Court later struck that unauthorized pleading. (D.E. 21). On January 19, 2024, Montreat filed a Motion to Dismiss the Amended 2022 Complaint. (D.E. 18, 19). Also on January 19, 2024, Plaintiff filed a Motion for Leave to Amend his Complaint for a third time. (D.E. 20). The Court denied Plaintiff's Motion for Leave to Amend his Complaint a third time by order dated January 24, 2024. (D.E. 21). On January 30, 2024, the Individual Defendants filed their Motion to Dismiss the Amended 2022 Complaint. (D.E. 24, 25). On April 8, 2024, despite the Court's Order denying Plaintiff leave to file a Third Amended Complaint, Plaintiff filed yet another unauthorized "Third Amended Complaint." (D.E. 45), which Defendants moved to strike from the record. (D.E. 51, 52).

Since then, this Court granted Defendants' motions to dismiss all claims filed by Plaintiff. (D.E. 63, 64.) Following the Court's entry of its order in favor of Defendants in this action, Plaintiff filed six motions in Case No. 1-24-cv-00235-MR-WCM and Case No. 1-24-cv-00225-MR-WCM on December 4, 2024. On December 11, 2024, Plaintiff filed his Motion for Leave to File a [Fifth] Amended Complaint. (D.E. 66) in this now closed case.

**ARGUMENT**

Plaintiff's Motion should be denied because it violates this Court's rules, because this case is closed, and because the Motion is futile, has been made in bad faith, and would unduly prejudice Defendants.

## I. Plaintiff's Motion violates this Court's rules.

Plaintiff's Motion should be denied because it violates this Court's rules. First, Plaintiff filed no brief in support of the Motion, despite being required to do so by the Court's Local Rule 7.1(c). *See* LCvR 7.1(c). Second, Plaintiff failed to attach as an exhibit to the Motion his proposed amended complaint as required by the Court's Administrative Procedures Governing Filing and Service, Section II (8), without which neither the Court nor Defendants can be sure exactly what amendments Plaintiff proposes to make to his complaint.

For these reasons alone, the Court should deny Plaintiff's Motion.

## II. Plaintiff's Motion should be denied because this case is closed.

Plaintiff's Motion cannot be granted because the Court entered its final judgment in this case on November 4, 2024, and this case is accordingly now closed. (D.E. 63, 64). "When an action has been dismissed with a final judgment, 'there is no pending complaint to amend.' Thus, as [the Fourth Circuit has] repeatedly recognized, 'a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated!'" *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024) (quoting *Calvary Christian Ctr. v. Fredericksburg*, 710 F.3d 536, 540, 539 (4th Cir. 2013)) (exclamation in original).

The Court entered final judgment in this case and dismissed Plaintiff's case on November 4, 2024. (D.E. 63, 64). Plaintiff's Motion was made on December 11, 2024, after the entry of the Court's final judgment and dismissal of this case. (D.E. 66). Since the Motion was made after final judgment was entered in this case and this case had not been reopened as of the date the Motion was filed (and indeed should not and cannot be reopened), the Motion must be denied. *Daulatzai*, 97 F.4th at 177; *Calvary Christian Ctr.*, 710 F.3d at 539-40.

### III. Plaintiff's Motion should be denied because it is futile, made in bad faith, and will prejudice Defendants.

The Court may deny a motion to amend when the amendment would be futile, the moving party has acted in bad faith, or the amendment would be prejudicial to the opposing party. *Hall v. Davidson*, No. 3:23-cv-00106-MR, 2023 U.S. Dist. LEXIS 226937, at *4-5 (W.D.N.C. Dec. 20, 2023) (citations omitted).

#### A. The Motion is Futile.

The Motion should be denied because it is futile. "For the purposes of amending a complaint, an amendment is futile if 'the case would still fail to survive a motion to dismiss.'" *Lewis v. Miller Valentine Grp.*, No. 3:23-CV-00361-FDW-DCK, 2024 U.S. Dist. LEXIS 120430, at *10 (W.D.N.C. July 8, 2024). Plaintiff seeks to amend his complaint, again, to assert an "age discrimination" claim. (D.E. 66, ¶ 5-11). There is a plethora of problems with Plaintiff seeking to assert that claim here, but, perhaps most simply for the Court's purposes, "age discrimination" claims cannot be filed with the Court unless and until Plaintiff either:

4

1. Submits a claim to the Equal Employment Opportunity Commission ("EEOC") and receives a right to sue letter. *See, e.g., Brodrick v. Napolitano,* No. 3:09-CV-450-FDW-DSC, 2010 U.S. Dist. LEXIS 96518, at *8 (W.D.N.C. Aug. 24, 2010)); or

2. Sends a 30-day notice of intent to sue to the EEOC within 180 days of the alleged discrimination. *Id.*

Plaintiff has done neither of these things and indeed no longer can do either of those things given the passage of time since the alleged "discrimination" here. *See* (D.E. 66) (not alleging that Plaintiff provided any notice of alleged age discrimination to the EEOC despite the alleged discrimination occurring in 2019); *Brodrick,* 2010 U.S. Dist. LEXIS 96518, at *8; *see also* 29 U.S.C. § 633a(d) ("When the individual has not filed a complaint concerning age discrimination with the [EEOC], no civil action may be commenced by any individual under this section until the individual has given the [EEOC] not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.").

Accordingly, Plaintiff's "age discrimination" claim cannot be raised with the Court at this time and, indeed, would need to be dismissed pursuant to Rule 12(b)(1) if it was raised. *Brodrick,* 2010 U.S. Dist. LEXIS 96518, at *8*; see also* 29 U.S.C. § 633a(d). Plaintiff's Motion is accordingly futile and should be denied.

5

Case 1:23-cv-00284-MR-WCM    Document 69    Filed 12/18/24    Page 5 of 8

### B. The Motion has been made in bad faith.

That Plaintiff's Motion is made in bad faith is evidenced by the procedural history of this case. Plaintiff has moved to amend his duplicative complaints in this action and the related actions more than six times. (D.E. 14, 17, 20, 28, 45, 54, 55, 66); (Case No. 1-24-cv-00235-MR-WCM, D.E. 6). When the Court denied those motions to amend, the Plaintiff filed unauthorized purported amended complaints anyway. (D.E. 45). When those complaints were struck from the record by the Court, Plaintiff filed new lawsuits with those same complaints to circumvent the Court. *See* (Case No. 1-24-cv-00235-MR-WCM, D.E. 6; (Case No. 1-24-cv-00225-MR-WCM (D.E. 1-1)).

This pattern of repeatedly filing duplicative and frivolous "amended" complaints, even in defiance of the Court's orders, is precisely what bad faith looks like. Plaintiff is filing the same complaint, again and again, with or without the Court's consent and expressly against the Court's orders, to inflict monetary damages on Defendants in the form of increased attorney's fees, waste Defendants' time and energy, and otherwise harass Defendants. The Motion is just the latest incident in this pattern of bad faith behavior by Plaintiff stretching back over more than two years of frivolous litigation and the Motion should accordingly be denied.

### C. The grant of the Motion would prejudice Defendants.

Finally, the Motion should be denied because it will prejudice Defendants. Defendants have already replied to Plaintiff's duplicative complaints numerous times, in addition to responding to nearly a dozen randomly assorted motions, such

6

as the Motion, filed by Plaintiff. This has come at an enormous cost to Defendants in terms of time, energy, and attorneys' fees. Forcing Defendants to respond to another in the long line of Plaintiff's mirror image complaints by granting the Motion would prejudice Defendants by forcing Defendants to waste yet more of Defendants time, energy, and limited resources on replying, again, to Plaintiff's duplicative list of grievances. Defendants would also be prejudiced by the grant of the Motion because it would further delay and drag out the resolution of Plaintiff's meritless dispute with Defendants, which has been pending for over two years now. The Motion should accordingly be denied.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Respectfully submitted, this the 18th day of December, 2024.

                        **WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Jesse A. Schaefer
Beth Tyner Jones, N.C. State Bar No. 15923
Jesse Schaefer, N.C. State Bar No. 44773
Zachary S. Buckheit, N.C. State Bar No. 55123
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8182
Facsimile: (919) 755-6752
Email: jesse.schaefer@wbd-us.com
      beth.jones@wbd-us.com
      zach.buckheit@wbd-us.com

*Counsel for Defendant Montreat, Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart*

7

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing in the CM/ECF system and served the foregoing to the following persons via U.S. mail and email:

>Ryan Stevens
>23 Sleepy Hollow Lane
>Swannanoa, NC 28778
>Email: ryan_stevens316@icloud.com
>*Pro se Plaintiff*

This the 18th day of December, 2024.

>**WOMBLE BOND DICKINSON (US) LLP**
>
>By: /s/ Jesse A. Schaefer
>Beth Tyner Jones, N.C. State Bar No. 15923
>Jesse Schaefer, N.C. State Bar No. 44773
>Zachary S. Buckheit, N.C. State Bar No. 55123
>555 Fayetteville Street, Suite 1100
>Raleigh, NC 27601
>Telephone: (919) 755-8182
>Facsimile: (919) 755-6752
>Email: jesse.schaefer@wbd-us.com
>    beth.jones@wbd-us.com
>    zach.buckheit@wbd-us.com
>
>*Counsel for Defendant Montreat, Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart*