UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| RYAN CRAIG STEVENS<br><br>Plaintiff,<br><br>v.<br><br>MONTREAT COLLEGE;<br>DR. PAUL J. MAURER;<br>DR. DANIEL T. BENNETT;<br>DR. DOROTHEA K. SHUMAN; and<br>DR. RYAN T. ZWART,<br><br>Defendants. | Case No. 1:23-cv-00284-MR-WCM<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO MODIFY COURT'S DOCKET TEXT (UNDOCKETED AND UNISSUED ORDER) ESTABLISHING REPLY DEADLINE**<br><br>FILED<br>ASHEVILLE, NC<br><br>DEC 27 2024<br><br>U.S. DISTRICT COURT<br>W. DISTRICT OF N.C. |

Plaintiff, Ryan Craig Stevens ("Plaintiff"), submits this Brief in Support of Plaintiff's Motion to Modify Court's Docket Text (Undocketed and Unissued Order) Establishing Reply Deadline, because it hinders his right to prepare the case, and effectively file a reply, requiring correction by the Court, as it was: 1) unissued to Plaintiff; 2) undocketed; and 3) states an inaccurate reply deadline.

In support of this Motion, Plaintiff shows the following relevant facts and applicable rules:

1. This Court has failed to: 1) issue orders – response and reply deadlines – to Plaintiff; 2) docket required and pertinent orders; 3) issue essential and accurate notices; and 4) add 3 days "after the period would otherwise expire under Rule 6(a)," pursuant to Rule 6(d) of the Fed. R. Civ. P.

2. The docket text, establishing response and reply deadlines, exhibits judicial bias, as it states, "Notice has been electronically mailed to [Defendants]," but "**Notice will not be electronically mailed to [Plaintiff]**," while failing to issue copies via U.S. mail – perhaps due to an unintentional administrative error and/or technical issue, warranting appropriate, proper, and just correction.

3. Plaintiff is a self-represented litigant who has not consented to receive e-mail services, or electronic filing, in which the Court's failure to provide Plaintiff required and reasonable notice of pleadings, orders, and deadlines has substantially disadvantaged him, compromising his procedural due process rights.

4. Pursuant to the Administrative Procedures Governing Filing and Service by Electronic Means, "Parties proceeding pro se shall not file electronically," restricting electronic filing, which is a substantive due process violation, particularly as it reduces Plaintiff's response and reply periods by at least 8 hours.

5. Pursuant to Rule 5(b)(1)(E) of the Fed. R. Civ. P., a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served."

6. On December 18, 2024, Defendants filed the reply briefs (Docs. 68, 69) in opposition to Plaintiff's: 1) Motion for Reversal of the Order Granting Defendants' Motion to Dismiss (Doc. 67) (Motion for Reconsideration); and 2) Motion for Leave to File an Amended Complaint (Doc. 66).

7. Adding 7 days to December 18, 2024 is December 25, 2024, which is a Court holiday.

8. December 26, 2024 is also a Court holiday.

9. December 27, 2024 is considered the reply deadline, if Plaintiff received service of the response briefs on December 18, 2024, in which "3 days are added after the period would otherwise expire," pursuant to Rule 6(d) of the Fed. R. Civ. P., establishing the deadline date as **December 30, 2024**.

10. Pursuant to Rule 6(d) of the Fed. R. Civ. P., "When a party may or must act within a specified time after being served and service is made under rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under rule 6(a)."

11. Even if adding 3 days to December 25, 2024, which is December 28, 2024, Saturday, the computation of the time period renders the results of the deadline date unchanged: December 30, 2024.

12. Pursuant to rule 6(a)(1)(C) of the Fed, R. Civ. P., "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

13. December 30, 2024, Monday, is considered the reply deadline date, if Plaintiff received service of the responsive briefs on December 18, 2024; however, service was substantially delayed.

14. On December 24, 2024, at 9:21 PM Eastern Time, Plaintiff received copies of the following filings from Defendants via mail (delivered to his landlord's mailbox): 1) Brief in Opposition to Plaintiff's Motion for Court to Reverse Decision Granting Defendants' Motion to Dismiss (Doc. 68); and 2) Brief in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 69).

15. December 24, 25, and 26, 2024 are Court holidays.

16. December 27, 2024 is considered the commencement date of the response period.

17. Adding 7 days to December 27, 2024 is January 3, 2024, which is the expiration date in which "3 days are added after the period would otherwise expire," pursuant to Rule 6(d) of the Fed. R. Civ. P., establishing the deadline date as January 6, 2025.

18. **January 6, 2025**, Friday, is the accurate response period deadline.

19. The reply expiration date, extending through January 6, 2025, has not expired.

20. The undocketed and unissued reply deadline, set to December 27, 2024, has not expired.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter an order granting Plaintiff's Motion to Modify Court's Docket Text (Undocketed and Unissued Order) Establishing Reply Deadline by extending the response deadline through January 6, 2025.

Respectfully submitted, this the 27th day of December, 2024.

By: /s/ Ryan Stevens

Ryan Craig Stevens
23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

# CERTIFICATE OF SERVICE

Pursuant to Rule 5(b)(1)(E) of the Fed. R. Civ. P., Plaintiff hereby certifies the foregoing was filed, this day, by the Court personnel via the CM/ECF system, and served upon Defendants' counsel, via the United States mail, addressed as follows:

>Beth Tyner Jones, N.C. State Bar No. 15923
>Jesse A. Schaefer, N.C. State Bar No. 44773
>Zachary S. Buckheit, N.C. State Bar No. 55123
>Womble Bond Dickinson (US) LLP
>555 Fayetteville Street, Suite 1100
>Raleigh, NC 27601
>Telephone: (919) 755-8125
>Facsimile: (919) 755-6752
>Email: Jesse.Schaefer@WBD-US.com
>Email: Beth.Jones@WBD-US.com
>Email: Zach.Buckheit@WBD-US.com
>
>Counsel for Defendants, Montreat College, et al.

This the 27th day of December, 2024.

By: *Ryan Stevens*

Ryan Craig Stevens
23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se