IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00284-MR-WCM

| | |
|---|---|
| **RYAN CRAIG STEVENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **MONTREAT COLLEGE, DR. PAUL** ) | |
| **J. MAURER, DR. DANIEL BENNETT,** ) | |
| **DR. DOROTHEA SHUMAN, and** ) | |
| **DR. RYAN ZWART,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's "Motion for Leave to File an Amended Complaint" [Doc. 66] and "Motion for Reversal of the Order Granting Defendants' Motion to Dismiss" [Doc. 67].

**I.    PROCEDURAL BACKGROUND**

The lengthy procedural history of this case is detailed in prior orders of this Court and will not be repeated in full here. [See Docs. 21, 32]. The Plaintiff Ryan Craig Stevens originally filed suit in Buncombe County Superior Court on October 25, 2022, alleging several federal civil rights claims related to his time as a student at, and his eventual expulsion from, Montreat College. [Doc. 1]. The Plaintiff named as Defendants Montreat

College, as well as Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart (collectively, "the Individual Defendants"). On October 6, 2023, prior to service on the Individual Defendants, Montreat College removed the action to this Court. [Id.]. The Plaintiff thereafter filed his Second Amended Complaint on December 29, 2023, asserting claims under 42 U.S.C. § 1983 for the violation of his First Amendment rights to free exercise of religion and free speech and for violation of his due process rights under the Fourteenth Amendment; Title IV of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000c-2 to 2000c-9; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; the Age Discrimination Act of 1975 ("ADA"), 42 U.S.C. § 6101 et seq.; the Family Educational Rights and Privacy Act of 1964 ("FERPA"), 20 U.S.C. § 1232g; and 25 C.F.R. § 11.404.[1] [Doc. 14].

The Defendants moved to dismiss the Plaintiff's Second Amended Complaint. [Docs. 18, 24]. On November 4, 2024, the Court entered an Order granting the Defendants' motions to dismiss and dismissing this action with prejudice. [Doc. 63]. A Clerk's Judgment was entered that same day. [Doc. 64]. On December 11, 2024, the Plaintiff filed the present motions, seeking leave to file another amended complaint as well as a "reversal" of

---

[1] The Plaintiff also attempted to file a Third Amended Complaint and a Fourth Amended Complaint. [Docs. 17, 45]. Both of these pleadings were stricken. [See Docs. 21, 63].

the Order granting the Defendants' motions to dismiss. [Docs. 66, 67]. The Defendants have responded to the Plaintiffs' motions [Docs. 68, 69], and the Plaintiff has filed replies [Docs. 73, 74]. These matters are ripe for disposition.

## II. DISCUSSION

### A. Motion for Reversal

The Court construes the Plaintiff's "Motion for Reversal" as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b).

A motion to alter or amend the judgment must be filed within 28 days after the judgment is entered. Fed. R. Civ. P. 59(e). As noted *supra*, a judgment was entered in this action on November 4, 2024. [Doc. 64]. The Plaintiff did not file his "Motion for Reversal" until December 11, 2024, 37 days later. As such, his motion is untimely under Rule 59(e).

Even if the motion had been timely filed, the Court finds no merit to his motion. The Court may grant a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure only in the following circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir.

3

Case 1:23-cv-00284-MR-WCM    Document 75    Filed 01/27/25    Page 3 of 8

2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). The Plaintiff has failed to establish that any of these circumstances are present here.

To the extent that the Plaintiff's motion could be construed as one seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, it is also without merit. Rule 60(b) allows the Court "[o]n motion and just terms [to] relieve a party or [his] legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In addition to meeting one of the subsections of Rule 60(b), a litigant seeking to set aside a judgment also must establish that his

4

motion was timely filed, that he has a meritorious claim, and that there would be no unfair prejudice to the nonmoving party by having the judgment set aside.  See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1998).

The Plaintiff has failed to establish any of these elements here.  The Plaintiff filed his motion 37 days after the entry of judgment, and he offers no plausible justification for this delay.  Further, the Plaintiff still fails to present plausible allegations to support any meritorious claim.  Finally, the Plaintiff has failed to show that the Defendants would not suffer any unfair prejudice by having the judgment set aside.

For all these reasons, the Plaintiff's "Motion for Reversal" is denied.

**B.  Motion to Amend Complaint**

"[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470-71 (4th Cir. 2011) (citing Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc)).  "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards.  The court need only ask whether the amendment should be granted, just as it would

5

on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." Katyle, 637 F.3d at 471.

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may amend its pleading once as a matter of course within 21 days of serving it." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Absent a finding of prejudice, bad faith, or futility, leave of the Court should be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Laber, 438 F.3d at 426; Fed. R. Civ. P. 15(a)(2).

Here, it is unclear what amendments the Plaintiff proposes to make to his Second Amended Complaint, as he failed to submit a brief in support of his motion or a proposed amended complaint. Assuming, however, that the Plaintiff intended to assert additional claims of age discrimination as referenced in his motion, the Court finds that any such amendment is a bad faith attempt to avoid dismissal of his action. The "new evidence" that the Plaintiff claims to have recently discovered are documents and communications that the Plaintiff received from Montreat College in 2019, over five years prior to his proposed amendment. The Plaintiff has been litigating this action for over two years, having filed his original action in state

6

court in October 2022. He already has moved to amend his claims in this action on multiple occasions. When the Court denied those motions to amend, the Plaintiff filed unauthorized purported amended complaints anyway. [See Docs. 17, 45]. When the Court struck those complaints from the record, the Plaintiff filed new lawsuits with those same claims in order to circumvent the Court's rulings. [See Case No. 1-24-cv-00225-MR-WCM, Doc. 1-1; Case No. 1-24-cv-00235-MR-WCM, Doc. 6]. This pattern of repeatedly filing duplicative and frivolous "amended" complaints also has severely prejudiced the Defendants, who have had to spend a great deal of time and incur significant expense in defending against the Plaintiff's baseless claims and his duplicative and vexatious motions.

This is one of at least three actions that the Plaintiff has filed related to his time at Montreat College, all of which address the same underlying events and raise similar claims. The other two actions are addressed by the Court in separate Orders entered contemporaneously herewith. Because the Plaintiff has shown himself to be an abusive and prolific filer, the Court hereby issues the following warning to the Plaintiff. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th

Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Leave to File an Amended Complaint" [Doc. 66] and "Motion for Reversal of the Order Granting Defendants' Motion to Dismiss" [Doc. 67] are **DENIED**.

**IT IS SO ORDERED.**

Signed: January 27, 2025

Martin Reidinger
Chief United States District Judge