UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1-23-cv-00284-MR-WCM

| | |
|---|---|
| RYAN CRAIG STEVENS,<br><br>    Plaintiff,<br><br>v.<br><br>MONTREAT COLLEGE, DR. PAUL J. MAURER, DR. DANIEL BENNETT, DR. DOROTHEA SHUMAN, and DR. RYAN ZWART,<br><br>    Defendants. | **BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR GATEKEEPER ORDER AND OTHER SANCTIONS** |

Defendants Montreat College, Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart (collectively "Defendants"), submit this Brief in Support of Defendants' Motion for Gatekeeper Order and Other Sanctions (D.E. 77) (the "Motion") against Plaintiff Ryan Stevens ("Plaintiff").

## PROCEDURAL BACKGROUND

### Plaintiff filed the Original Action in 2022.

Plaintiff, who has at all times acted pro se, filed his first lawsuit against Defendants in the Superior Court for Buncombe County, North Carolina, on October 24, 2022, vaguely asserting that Defendants "committed tort and criminal violations against him[.]" (D.E. 1-1 (the "Original 2022 Complaint"), at 1–2.)

Montreat removed the action to this Court on October 6, 2023. (D.E. 1.) On December 29, 2023, Plaintiff filed a Second Amended Complaint with leave of the

Court (the "Amended 2022 Complaint"). (D.E. 14.) On January 11, 2024, Plaintiff filed a Third Amended Complaint without the Court's leave or Defendants' consent. (D.E. 17). The Court later struck that unauthorized pleading. (D.E. 21). On January 19, 2024, Montreat filed a Motion to Dismiss the Amended 2022 Complaint. (D.E. 18, 19). Also on January 19, 2024, Plaintiff filed a Motion for Leave to Amend his Complaint for a third time. (D.E. 20). The Court denied Plaintiff's Motion for Leave to Amend his Complaint a third time by order dated January 24, 2024. (D.E. 21). On January 30, 2024, the Individual Defendants filed their Motion to Dismiss the Amended 2022 Complaint. (D.E. 24, 25). On April 8, 2024, despite the Court's Order denying Plaintiff leave to file a Third Amended Complaint, Plaintiff filed yet another unauthorized "Third Amended Complaint." (D.E. 45), which Defendants again moved to strike from the record. (D.E. 51, 52).

Thereafter, Plaintiff moved the Court for leave to file yet another amended complaint, or perhaps two. (D.E. 54, 55). Rather than wait for the Court's ruling on his request to file those amended complaints, Plaintiff attempted to circumvent the Court by filing those amended complaints as new lawsuits in the Superior Court for Buncombe County. Case No. 1-24-cv-00235-MR-WCM (D.E. 1-1) and Case No. 1-24-cv-00225-MR-WCM (D.E. 1-1). Defendants then removed those lawsuits to this Court and moved to dismiss those cases. Case No. 1-24-cv-00235-MR-WCM (D.E. 1-1; D.E. 2) and Case No. 1-24-cv-00225-MR-WCM (D.E. 1-1; D.E. 4).

Since then, this Court granted Defendants' motions to dismiss all claims filed by Plaintiff in this action. (D.E. 63, 64.) Following the Court's entry of its order in

favor of Defendants in this action, Plaintiff filed six meritless motions in Case No. 1-24-cv-00235-MR-WCM and Case No. 1-24-cv-00225-MR-WCM on December 4, 2024.[1] On December 11, 2024, Plaintiff filed a Motion for Leave to File a [Fifth] Amended Complaint. (D.E. 66) in this now closed case. Also on December 11, 2024, Plaintiff untimely filed a motion seeking to "reverse" the Court's entry of final judgment in this case in Defendants' favor. (D.E. 67).

Following Plaintiff's motion-filing spree on December 11, 2024, counsel for Defendants, pursuant to Federal Rule of Civil Procedure 11(c)(2), sent Plaintiff the required notice that his lawsuits and related motions were frivolous, without merit, and in violation of Rule 11. A true and accurate copy of this communication is attached hereto as **Exhibit A**. Counsel for Defendants accordingly demanded that Plaintiff dismiss his frivolous lawsuits within 21 days, or Defendants would seek sanctions against Plaintiff in the form of monetary sanctions and the imposition of a pre-filing injunction (or "gatekeeper order"). *See* Ex. A. Plaintiff has not dismissed his lawsuits, withdrawn his motions, or taken any other action to address his numerous Rule 11 violations.

Instead, Plaintiff has continued his frivolous and meritless motion practice, filing an additional motion to "Modify the Court's Docket Text" (D.E. 71) and reply

---

[1] In Case No. 1-24-cv-00225-MR-WCM, Plaintiff filed a Motion for Entry of Default (D.E. 9), a Motion to Strike Defendants' Motion to Dismiss (D.E. 11), and a Motion for Extension of Time to Respond to Defendants' Motion for Extension of Time to Answer (D.E. 2) and Defendants' Motion to Dismiss (D.E. 4). In Case No. 1-24-cv-00235-MR-WCM, Plaintiff filed a Motion for Extension of Time to respond to Defendants' Motion to Dismiss (D.E. 5), a Motion for Leave to File an Amended Complaint (D.E. 6), and a Motion to Reverse the Court's Decision granting Defendants' Motion to Dismiss in Case No. 1-23-cv-00284-MR-WCM (D.E. 7). All of these motions were frivolous, without merit, and, as always, untimely.

3

briefs to Defendants' oppositions to his meritless Motion for Reversal (D.E. 73) and equally meritless Motion for Leave to File Amended Complaint (D.E. 74). On January 27, 2025, the Court entered an Order denying Plaintiff's Motion for Leave to File an Amended Complaint and Motion for Reversal (D.E. 75). In that order, the Court also warned Plaintiff that additional frivolous and meritless filings in this case and its companion cases at 1-24-cv-00235-MR-WCM and 1-24-cv-00225-MR-WCM would result in the Court imposing a gatekeeper order. (D.E. 75).[2]

Despite Defendants December 11, 2024, warning and the Court's even more explicit January 27, 2025, warning, Plaintiff continued his frivolous and meritless filings. On February 28, 2025, Plaintiff filed substantively identical frivolous and meritless Motions "To Alter or Amend Judgment" in Case No. 1-24-cv-00235-MR-WCM (D.E. 18) and Case No. 1-24-cv-00225-MR-WCM (D.E. 23). These motions were untimely, without merit, and substantively identical to the same motions the Court had already denied (D.E. 75); Case No. 1-24-cv-00235-MR-WCM (D.E. 15); Case No. 1-24-cv-00225-MR-WCM (D.E. 120).

All told, across his three practically identical lawsuits, as of the date of Defendants' Motion, Plaintiff has filed half a dozen complaints and two dozen meritless or duplicative motions in both open and closed cases and shows no signs of stopping any time soon.[3]

---

[2] The Court entered substantially similar orders in Case No. 1-24-cv-00235-MR-WCM (D.E. 15) and Case No. 1-24-cv-00225-MR-WCM (D.E. 120).

[3] Plaintiff's practice of filing vexatious and frivolous motions and other documents is so voluminous that it defies easy inclusion in this memorandum. Accordingly, Defendants have listed Plaintiff's various vexatious, frivolous, and meritless filings on the attached **Exhibit B**, which is incorporated herein. As of the date of this filing, Plaintiff has filed at

4

**ARGUMENT**

**I. Legal Standard.**

It is well settled that a district court has the inherent power to sanction conduct that constitutes an abuse of the judicial process. *See, e.g., Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 542 (4th Cir. 2002). Rule 11 of the Federal Rules of Civil Procedure also provides a statutory basis for the imposition of sanctions against attorneys and parties. *See* Fed. R. Civ. P. 11. "The primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." *Moody v. The Arc of Howard Cnty., Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012) (unpublished). "[T]he rule imposes upon [a party] a duty to conduct a pre-filing examination of both the facts and the law before instituting legal process." *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987). A violation of Rule 11 is not limited to intentional conduct. *Cabell*, 810 F.2d at 466. "Pursuant to Rule 11, the Court may impose sanctions to deter abusive litigation tactics. The Court also has the inherent authority to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Tepe v. Corker*, No. 3:23-cv-000423-RJC-DCK, 2024 U.S. Dist. LEXIS 9513, at *4 (W.D.N.C. Jan. 18, 2024) (internal citations omitted).

A pre-filing injunction is one such potential sanction.

> In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: '(1) the party's history of litigation, in particular whether he has filed vexatious,

---

least 40 vexatious, frivolous, and meritless motions or miscellaneous pleadings across the three related cases. *See* Ex. B. Those pleadings have uniformly been without merit, untimely, and in violation of this Court's rules. *See* Ex. B.

5

harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.' Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Aalaam v. Conley*, No. 5:24-CV-00225-KDB-DCK, 2024 U.S. Dist. LEXIS 191094, at *6-7 (W.D.N.C. Oct. 21, 2024).

"While 'pro se pleadings and filings are granted a degree of indulgence not extended to lawyers when a court considers the imposition of Rule 11 sanctions,' pro se litigants must still abide by Rule 11, and they may be sanctioned for its violation." *Johnson v. EEOC Charlotte Dist. Office*, No. 3:15-cv-00148-RJC-DSC, 2016 U.S. Dist. LEXIS 83059, at *4 (W.D.N.C. June 27, 2016).

## II. A Pre-Filing Injunction is a Necessary and Appropriate Sanction Here.

Pursuant to Rule 11 and the Court's inherent authority, the Court should impose a pre-filing injunction that prohibits Plaintiff from filing any motions, pleadings, or other documents seeking relief of any kind related to the Defendants, in this court or any other jurisdiction, unless (1) the filing is signed by an attorney or (2) Plaintiff has previously obtained a written certification from a federal or state judge, magistrate, or clerk of court that the filing appears to be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law and the filing does not appear to be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Plaintiff's conduct in this case and the two related cases satisfies all

6

four (4) of the factors previously established by this Court for the imposition of such a pre-filing injunction.

First, Plaintiff has filed "vexatious, harassing, or duplicative lawsuits." *Aalaam*, 2024 U.S. Dist. LEXIS 191094, at *6-7. Plaintiff has now filed three largely duplicative lawsuits arising from the same nexus of alleged facts. Two of those lawsuits, case numbers 1-24-cv-00235-MR-WCM and 1-24-cv-00225-MR-WCM, were filed well after this lawsuit was initiated and in direct defiance of the Court's denial of Plaintiff's many repetitive motions to amend his complaint. *See* 1-24-cv-00235-MR-WCM (D.E. 1-1 (reflecting that Plaintiff's complaint is virtually identical to Plaintiff's proposed third amended complaint in this action and was filed after the Court denied Plaintiff leave to file that amended complaint)); 1-24-cv-00225-MR-WCM (D.E. 1-1) (same).

Plaintiff's pattern of filing "vexatious, harassing, or duplicative lawsuits" is made more troubling here, because Plaintiff files large numbers of meritless motions in each of his frivolous lawsuits and *continues to file such motions even after his lawsuits are dismissed. See* Ex. B. Indeed, given Plaintiff's penchant for filing and re-filing the same litigation in various courts, it is likely that, in the absence of a pre-filing injunction from this Court, Plaintiff will continue to file motion after meritless motion and re-file his lawsuit in the state and federal courts of North Carolina ad nauseam. In one of his recent filings, Plaintiff essentially threatens to do just that. *See* (D.E. 74, ¶¶53, 77 (asserting that the Court's final

judgment does not address the whole case); ¶81 (asserting that Plaintiff has the right to re-file his dismissed case).

Second, Plaintiff never had a good faith basis for pursuing this litigation and certainly lacked a good faith basis for instituting his mirror lawsuits at case numbers 1-24-cv-00235-MR-WCM and 1-24-cv-00225-MR-WCM or filing the seemingly endless stream of duplicative, meritless, futile, and nonsensical motions. As Defendants previously explained in their multiple motions to dismiss—and the Court agreed in its order dismissing this action—Plaintiff's claims have been procedurally and substantively without merit from the outset. (D.E. 25); Case No. 1-24-cv-00225-MR-WCM. (D.E. 5); 1-24-cv-00235-MR-WCM (D.E. 2); *see also* (D.E. 63) (dismissing all of Plaintiff's claims because they were without merit). Even had Plaintiff's claims had some substantive merit when they were first filed (they did not), Plaintiff's claims in his mirror lawsuits at case numbers 1-24-cv-00235-MR-WCM and 1-24-cv-00225-MR-WCM, which, again, were instituted to avoid the Court's orders, were plainly without merit because they are barred by the prior pending action doctrine. *See* Case No. 1-24-cv-00225-MR-WCM. (D.E. 5); 1-24-cv-00235-MR-WCM (D.E. 2).

Third, Plaintiff's duplicative and incessant filings impose a significant burden on the Court and Defendants. Plaintiff has filed three lawsuits regarding the same subject matter, each of which must be handled separately by the Court and Defendants at the cost of significant time, effort, and money. Plaintiff has then filed dozens of motions in those lawsuits, each of which requires Defendants and the

8

Court to review the filings and prepare a substantive response. Moreover, Plaintiff's motions are generally procedurally infirm, in violation of the Court's rules, untimely, confused, and unwarranted by the law, which imposes yet more burden on the Court and Defendants in responding to Plaintiff's flurries of motions. Finally, Plaintiff has made clear that he does not consider even the dismissal of his lawsuits to be a sufficient reason for him to cease his barrage of motions. *See* (D.E. 66, 67, 71, 74). This indicates that the burden Plaintiff imposes on Defendants and the Court with his incessant filings will not end even with the dismissal of Plaintiff's various cases. Indeed, Plaintiff has continued to do so despite this Court's own warnings to stop. (D.E. 75).

Fourth, and finally, there is no adequate alternative sanction to the imposition of a pre-filing review system here. Given the sheer number of filings that Plaintiff has made and his disregard for the procedural and substantive rules applicable to those filings, it would be infeasible for Defendants to issue Plaintiff Rule 11 violation letters, wait the required 21 days, and then move for sanctions every time Plaintiff engages in sanctionable conduct.

Because all four of the enumerated factors for the imposition of a pre-filing injunction are satisfied here, Defendants respectfully request that the Court enter such an injunction to stop Plaintiff's pattern of harassing, vexatious, and frivolous litigation before this Court.

9

Case 1:23-cv-00284-MR-WCM    Document 78    Filed 03/05/25    Page 9 of 13

## III. Monetary Sanctions Against Plaintiff are an Appropriate Sanction Here.

Plaintiff's actions also justify and necessitate the imposition of a monetary sanction. A monetary sanction is appropriate and necessary here because a pre-filing injunction alone likely will not deter Plaintiff's frivolous and harassing conduct. Plaintiff will inevitably seek to find some way to continue his meritless litigation against Defendants despite the imposition of such a system, such as in North Carolina's state courts, and so must be made to understand that further frivolous litigation practice will come at a concrete cost to Plaintiff, not just Defendants.

The only question left by Plaintiff's conduct is the value of the appropriate monetary sanction against Plaintiff. "When a monetary award is issued, the district court must consider four factors to determine the appropriate amount: '(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation.'" *Johnson v. EEOC Charlotte Dist. Office*, No. 3:15-cv-00148-RJC-DSC, 2016 U.S. Dist. LEXIS 83059, at *7 (W.D.N.C. June 27, 2016) (citations omitted) (imposing pre-filing injunction upon *pro se* plaintiff and awarding monetary sanctions to deter continued frivolous litigation conduct).

Defendants have incurred nearly $100,000.00 in attorneys' fees in responding to Plaintiff's frivolous litigation,[4] but do not believe that the collection of the entire

---

[4] Defendants would be happy to submit invoices and related materials establishing the amount of attorneys' fees charged to Defendants to the Court for its *in camera* review upon request.

amount of those fees is necessary to deter Plaintiff's litigation conduct in light of Plaintiff's apparent financial status. Defendants would instead respectfully suggest that a monetary sanction in the amount of $10,000.00 is (1) the minimum amount necessary to deter Plaintiff from continuing his frivolous litigation conduct, (2) is within Plaintiff's ability to pay, and (3) is warranted by the severity of Plaintiff's conduct here, which has imposed significant costs upon Defendants and the Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court impose upon Plaintiff monetary sanctions in the amount of $10,000.00 payable to Defendants and a pre-filing injunction that prohibits Plaintiff from filing any motions, pleadings, or other documents seeking relief of any kind related to the Defendants, in this court or any other jurisdiction, unless (1) the filing is signed by an attorney or (2) Plaintiff has previously obtained a written certification from a federal or state judge, magistrate, or clerk of court that the filing appears to be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law and the filing does not appear to be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Respectfully submitted, this the 5th day of March, 2025.

**WOMBLE BOND DICKINSON (US) LLP**

By: /s/ Jesse A. Schaefer
Beth Tyner Jones, N.C. State Bar No. 15923
Jesse Schaefer, N.C. State Bar No. 44773
Zachary S. Buckheit, N.C. State Bar No. 55123
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8182
Facsimile: (919) 755-6752
Email: jesse.schaefer@wbd-us.com
beth.jones@wbd-us.com
zach.buckheit@wbd-us.com

*Counsel for Defendants Montreat College, Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing in the CM/ECF system and served the foregoing to the following persons via U.S. mail and email:

>Ryan Stevens
>23 Sleepy Hollow Lane
>Swannanoa, NC 28778
>Email: ryan_stevens316@icloud.com
>*Pro se Plaintiff*

This the 5th day of March, 2025.

>**WOMBLE BOND DICKINSON (US) LLP**
>
>By: /s/ Jesse A. Schaefer
>Beth Tyner Jones, N.C. State Bar No. 15923
>Jesse Schaefer, N.C. State Bar No. 44773
>Zachary S. Buckheit, N.C. State Bar No. 55123
>555 Fayetteville Street, Suite 1100
>Raleigh, NC 27601
>Telephone: (919) 755-8182
>Facsimile: (919) 755-6752
>Email: jesse.schaefer@wbd-us.com
>       beth.jones@wbd-us.com
>       zach.buckheit@wbd-us.com
>
>*Counsel for Defendants Montreat College, Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea Shuman, and Dr. Ryan Zwart*