# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

| | |
|---|---|
| **RYAN CRAIG STEVENS**<br><br>Plaintiff,<br><br>v.<br><br>**MONTREAT COLLEGE;**<br>**DR. PAUL J. MAURER;**<br>**DR. DANIEL T. BENNETT;**<br>**DR. DOROTHEA K. SHUMAN;** and<br>**DR. RYAN T. ZWART,**<br><br>Defendants. | **Case No. 1:23-cv-00284-MR-WCM**<br><br>**MOTION FOR EXTENSION OF TIME**<br>**TO FILE AN APPEAL**<br><br>FILED<br>ASHEVILLE, NC<br><br>MAR 0 4 2025<br><br>U.S. DISTRICT COURT<br>W. DISTRICT OF N.C. |

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Plaintiff, Ryan Craig Stevens, respectfully moves the Court for an extension of time to file an appeal through May 2, 2025.

Please refer to Plaintiff's Motion to Alter or Amend the Judgment (filed, contemporaneously).

*Dear Honorable Chief United States District Judge, Martin Reidinger, **please forgive me** for burdening the Court, as I am acting as a pro se litigant, who is naïve of court procedures, but am capable. Please accept my apologies, provide reasonable accommodation, and grant justice of Plaintiff's motions.*

Rule 4(a)(5) of the Federal Rules of Appellate Procedure regards the time limits for filing a motion for an extension of time to file a notice of appeal, under Rules 4(a)(5) and 4(a)(1)(B) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2107(b), which is considered a claim-processing rule, rather than a jurisdictional deadline, as the Federal Rules of Appellate Procedure, established by the Supreme Court, govern the procedural aspects of appellate proceedings, in which Courts have the discretion to extend claim-processing deadlines, due to good cause, or excusable neglect, unlike jurisdictional deadlines, which must be adhered to: "A court-made rule prescribing a time limit for filing notice of an appeal is not jurisdictional. It is a mandatory claim-processing rule that may be waived or forfeited." *Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17 (2017).

Due to the complexity of the Complaint, involving three separate cases (Case No. 1:23-cv-00284-MR-WCM – voluntary dismissal to refile; Case No. 1:24-cv-0225-MR-WCM – state claims; Case No. 1:24-cv-0235-MR-WCM – federal claims), additional time is necessary.

As mentioned supra, Plaintiff sustained a **severe injury**, resulting in physical impairment, causing substantial pain and financial hardship, requiring **reasonable accommodation**, including, but not limited to, on-campus housing – which was discriminatorily denied, based on Plaintiff's **age**, **sex**, and **disability** – and need for additional time to file pleadings, including amended complaints, responses, and replies.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter an order granting Plaintiff's Motion for an Extension of Time to File an Appeal through May 2, 2025.

This the 3rd Day of March, 2025.

By: _____

Ryan Craig Stevens
23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

## CERTIFICATE OF SERVICE

I, PLAINTIFF, hereby certify the foregoing was filed, this day, by delivering it to the Clerk, and a copy executed, contemporaneously, to be served upon Defendants' counsel, via the United States mail, addressed as follows:

> Beth Tyner Jones, N.C. State Bar No. 15923
> Jesse A. Schaefer, N.C. State Bar No. 44773
> Womble Bond Dickinson (US) LLP
> 555 Fayetteville Street, Suite 1100
> Raleigh, NC 27601
> Telephone: (919) 755-8125
> Facsimile: (919) 755-6752
> Email: Jesse.Schaefer@WBD-US.com
> Email: Beth.Jones@WBD-US.com
>
> Counsel for Defendants, Montreat College, et al.

This the 3rd Day of March, 2025.

By: _Ryan Stevens_

> Ryan Craig Stevens
> 23 Sleepy Hollow Lane
> Swannanoa, NC 28778
> (865) 469-1950
> Ryan_Stevens316@icloud.com
>
> Plaintiff in pro se