# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:23-cv-00284-MR-WCM

| | |
|---|---|
| **RYAN CRAIG STEVENS,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF**<br>) **DECISION AND ORDER**<br>) |
| **MONTREAT COLLEGE, et al.,** | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Alter or Amend Judgment [Doc. 79].

By the present motion, the Plaintiff moves the Court pursuant to Rule 60 of the Federal Rules of Civil Procedure to alter or amend its Order and Judgment dismissing this action [Docs. 63, 64] and its Order denying the Plaintiff's "Motion for Leave to File an Amended Complaint" [Doc. 66] and "Motion for Reversal of the Order Granting Defendants' Motion to Dismiss" [Doc. 67]. [Doc. 79].

Rule 60(b) allows the Court "[o]n motion and just terms [to] relieve a party or [his] legal representative from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In addition to meeting one of the subsections of Rule 60(b), a litigant seeking to set aside a judgment also must establish that his motion was timely filed, that he has a meritorious claim, and that there would be no unfair prejudice to the nonmoving party by having the judgment set aside. See <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808, 811 (4th Cir. 1998).

The Plaintiff has failed to establish any of these elements here. As the Court previously explained [Doc. 75 at 5], the Plaintiff's previous Rule 59(e)/Rule 60 motion was untimely, and he still fails to offer any plausible justification for this delay. Further, the Plaintiff still fails to present plausible

2

allegations to support any meritorious claim, and he has failed to show that the Defendants would not suffer any unfair prejudice by having the judgment set aside.

Having carefully reviewed the Plaintiff's Motion, the Court concludes that none of the arguments presented justify setting aside the Judgment or other challenged Orders. Accordingly, the Plaintiff's Motion to Alter or Amend Judgment [Doc. 79] is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Alter or Amend Judgment [Doc. 79] is **DENIED.**

**IT IS SO ORDERED.**

Signed: March 17, 2025

Martin Reidinger
Chief United States District Judge

3

Case 1:23-cv-00284-MR-WCM    Document 83    Filed 03/18/25    Page 3 of 3