THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00284-MR-WCM

| | |
|---|---|
| RYAN CRAIG STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MONTREAT COLLEGE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Extension of Time to File an Appeal [Doc. 80], which the Plaintiff filed on March 4, 2025.

The *pro se* Plaintiff moves pursuant to Rule 4(a)(5)[1] of the Federal Rules of Appellate Procedure for an extension of time, until May 2, 2025, to file an appeal of the Order dismissing this action. [Doc. 80].

The timely filing of a notice of appeal is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 214 (2007). A litigant must file a notice of appeal in a civil suit within thirty days of the entry of judgment. Fed. R. App.

---

[1] The Plaintiff also cites Fed. R. App. P. 4(a)(1)(B), but that provision applies only to appeals taken in a case where the United States is a party and therefore is not applicable here.

P. 4(a)(1)(A). The filing of a Rule 59(e) motion causes this 30-day period to run from the entry of the Order disposing of that motion, but only if such motion is filed "within the time allowed" by the Federal Rules of Civil Procedure. Fed. R. App. P. 4(a)(4).

The district court may extend the time for filing a notice of appeal if (1) a party moves for an extension of the appeal period within 30 days after the expiration of the original appeals period and (2) the party demonstrates either excusable neglect or good cause to warrant the extension. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5).

Here, the Court entered its Order dismissing the Plaintiff's action on November 4, 2024. [Doc. 63]. The Clerk entered a Judgment the same day. [Doc. 64]. The Clerk properly served the Plaintiff with the Order and Judgment by mail the same day. [Id.]. The Defendants also promptly served the Plaintiff with the Order and Judgment by mail. [Doc. 65]. Although the Plaintiff filed a motion to set aside the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure [Doc. 67], that motion was not timely filed. As such, the Plaintiff's 30-day period to file a notice of appeal from the Court's Order and Judgment expired on December 4, 2024. See Fed. R. App. P. 4(a)(1)(A). Thus, the Plaintiff had through January 3, 2025 within which to

2

seek an extension of time to appeal. Because he did not file his motion until March 4, 2025, his motion is untimely.[2]

The Rules permit the Court to reopen the time to appeal beyond the 30-day period if the Court finds that (1) the party did not receive notice of the entry of a judgment or order from the clerk or any party within 21 days of its entry, and (2) no party would be prejudiced. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(6). While the Plaintiff alleges in a conclusory fashion that he did not receive a copy of the Order and Judgment from the Clerk [Doc. 79 at 2 (stating that "the Court . . . failed to serve the mandated notice of" the Order and Judgment)], he concedes that he received the Defendants' service of the Order and Judgment on November 12, 2024, well within 21 days of entry of the Order and the Judgment. As such, he is not entitled to seek a reopening of the appeal period.

For all these reasons, the Plaintiff's motion for an extension of time to file an appeal is denied.

---

[2] Even if the Plaintiff's motion had been timely, he has failed to show excusable neglect or good cause to warrant an extension. As grounds for his requested extension, the Plaintiff states that additional time is necessary "[d]ue to the complexity of the Complaint, involving three separate cases," which is apparently a reference to this action, as well as the other civil actions that he has filed, Case No. 1:24-cv-00225-MR-WCM and Case No. 1:24-cv-0235-MR-WCM. [Doc. 80 at 2]. The Plaintiff's oblique reference to the "complexity" of his Complaint fails to demonstrate excusable neglect or good cause for his failure to file a timely appeal.

**IT IS, THEREORE, ORDERED** that the Plaintiff's Motion for Extension of Time to File an Appeal [Doc. 80] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 17, 2025

Martin Reidinger
Chief United States District Judge