UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, NC

MAR 18 2025

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

RYAN CRAIG STEVENS

Plaintiff,

v.

MONTREAT COLLEGE;
DR. PAUL J. MAURER;
DR. DANIEL T. BENNETT;
DR. DOROTHEA K. SHUMAN; and
DR. RYAN T. ZWART,

Defendants.

Case No. 1:23-cv-00284-MR-WCM

PLAINTIFF'S MOTION TO
DISMISS DEFENDANTS' MOTION
FOR GATEKEEPER ORDER
AND OTHER SANCTIONS

REQUEST FOR ORAL ARGUMENTS
AND A JURY TRIAL

Plaintiff, Ryan Craig Stevens, respectfully moves the Court to dismiss Defendants' frivolous Motion for Gatekeeper Order and Other Sanctions (D.E. 77) ("Motion"), which is untimely, invalid, and unserved.

In support of this motion, Plaintiff states the following:

Additional filings **will NOT** be submitted, as the **procedural process has been exhausted**.

*Dear **Honorable Chief United States District Judge**, **Martin Reidinger**, please forgive Plaintiff for requiring the Court to exert additional effort to ensure the pro se litigant, unfamiliar with legal procedures, is given a fair opportunity to present the case, so it may be decided on its merits, rather than dismissed, due to technical or procedural errors. Plaintiff's pleadings, including the Complaints, amended complaints, motions, responses, and replies are reasonable, considering his rights and totality of the circumstances. Plaintiff requests his rights to present his cases remain intact, rather than be infringed via the grant of Defendants' motion to "impose sanctions upon [him]." Please accept this apology, protect Plaintiff's rights, provide reasonable consideration and accommodation, and allow justice of Plaintiff's motions.*

Plaintiff has a right to: 1) receive substantive Court response rationales, regarding, but not limited to, Defendants' late responses and removals; 2) one amended complaint, "**as a matter of course**," pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P.; and 3) an amendment, as "[t]he court should freely give leave when **justice so requires**, pursuant to Rule 15(a)(2) of the Fed. R. Civ. P., per the **newly discovery evidence.**

## ARGUMENT

Defendants' Motion for "the Court to impose sanctions upon Plaintiff…in the form of monetary sanctions and the imposition of a pre-filing injunction," "pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent authority to prevent frivolous and vexatious filings," is a **tactical attack** on civil liberties, as the following opinions are prejudicial, because they imply Plaintiff will be **punished** if he does not comply to the unlawful order to cease his sincere intentions to complete the procedural processes, violating his procedural due process rights: 1) The Court opines "Plaintiff is acting in bad faith by attempting to further delay the <u>inevitable dismissal</u> of his case" (D.E. 63 at 12); and 2) Defendants opine "Plaintiff never had a good faith basis for pursuing this litigation and certainly lacked good faith basis for instituting his mirror lawsuits at case numbers 1:24-cv-00235-MR-WCM and 1:24-cv-00225-MR-WCM or filing the seemingly endless stream of duplicative, meritless, futile, and nonsensical motions" (D.E. 78 at 8).

Plaintiff timely filed a **voluntary dismissal** (D.E. 58), before Defendants filed preventative filings. Pursuant to Rule 41(a)(1)(A) of the Fed. R. Civ. P., "[P]laintiff may dismiss an action <u>without a court order</u> by filing: (i) a notice of dismissal before the opposing party serves either an **answer** or a **motion for summary judgment**."

Plaintiff refiled the Complaint in the state court, separating the **state claims** (Case No. 1:24-cv-225) from the **federal claims** (Case No. 1:24-cv-235) within the statute of limitations in which Defendants failed to timely file a response and remove the case, per Case No. 1:24-cv-225 in which the Court evidently and intentionally failed to review the filings and provide a substantive response, prejudicing Plaintiff.

Pursuant to Rule 11(c)(1) of the Federal Rules of Civil Procedure, "notice and a reasonable opportunity to respond" <u>must</u> be provided to the party; however, Defendants **failed to meet the requirement**, per their admission: "it would be infeasible for Defendants to issue Plaintiff Rule 11 violation letters, wait the required 21 days, and then move for sanctions every time Plaintiff engages in sanctionable conduct" (D.E. 78 at 9) in which **NOT one Rule 11 notice was issued**: preventing Plaintiff the rightful opportunity to correct potential issue(s), implying there was no issue, revealing the **strategic weaponization** of the Motion.

Defendants' decision to **not contest** the following claims is an **implicit admission**: 1) Defendants filed late filings; 2) Plaintiff had the right to file an amended complaint, "as a matter of course," pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P.; and 3) the prima facie evidence warrants an amendment, as "[t]he court should freely give leave when justice so requires, pursuant to Rule 15(a)(2) of the Fed. R. Civ. P.

**Plaintiff has given his very best good-faith effort to plead his case: an amendment is warranted**.

The Court's preconceived notion that "Plaintiff is acting in bad faith by attempting to further delay the **inevitable dismissal** of his case" (D.E. 63 at 12), considering his filings "excessive," as the amendment would be "futile" (D.E. 63 at 11), is **prejudicial**, because impartiality is crucial for ensuring fair proceedings.

It is prejudicial for this Court to **circumvent** Plaintiff's right to exhaust the procedural due process. **There will NOT be further filings** in this Court by Plaintiff, once his motion for reconsideration, pursuant to Rule 60(b) of the Fed. R. Civ. P., is "**inevitably [denied]**" (**predetermined outcome**): "Plaintiff is acting in bad faith by attempting to further delay the **inevitable dismissal** of his case" (D.E. 63 at 12), warranting recusal, pursuant to 28 U.S.C. § 45, as dismissing Plaintiff's case without consideration of the merits, arguments, and accommodation requests is an **abuse of authority**, pursuant to Rule 1 of the Fed. R. Civ. P., especially considering the denial of the **one matter of course amendment**, pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P., resulting in injustice, prolonged proceeding, and excessive filings and litigation costs.

Although the Court prejudicially predetermined denial of Plaintiff's future filings, it has not ordered him to vacate the case, despite the biased implication; however, if the Court imposes sanctions on Plaintiff, the ill-will intentions to infringe his right to vindicate his claims will be irrefutably evident.

Plaintiff's Motion to Alter or Amend the Judgement (D.E. 67), pursuant to Rule 59(e) of the Fed. R. Civ. P., has been denied in which the Motion for relief from the Orders and Judgment (D.E. 79), pursuant to Rule 60(b) of the Fed. R. Civ. P., is pending.

Simply: If Plaintiff's Motion for relief from the Order and Judgment (D.E. 79), pursuant to Rule 60(b) of the Fed. R. Civ. P., is denied, the Judgement will be appealed *To the United States Court of Appeals for the Fourth Circuit*, as it appears Plaintiff has exhausted the procedural due process of this Court – with the

exception of the right to file a Motion for relief from the Orders and Judgments, regarding the other cases, if the Motions to Alter or Amend the Judgement (D.E. 23, Case No. 1-24-cv-00225-MR-WCM; D.E. 18, Case No. 1-24-cv-00235-MR-WCM), pursuant to Rule 59(e) of the Fed. R. Civ. P., are denied.

Plaintiff admits he has made mistakes in which he is embarrassed for the burden he has caused, but he has learned from them, and will enhance his good-faith efforts. Please do not deprive him of his rights, as imposing the sanctions would further financially harm him and burden his ability to advocate for his rights.

### RELEVANT PROCEDURAL HISTORY / RULES / ARGUMENT

On November 3, 2023, the Court ordered, **<u>sua sponte</u>**, Plaintiff to file an amended complaint (D.E. 4), directing him to **exclude the state claims**, per the form "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case," and Defendants to file a stamped copy of Plaintiff's Amended Complaint, filed prior to removal, in which the filing **excluded the exhibits** (D.E. 5), prejudicing Plaintiff, especially as the Court overlooked the failure.

On December 29, 2023, Plaintiff timely filed the amended complaint (D.E. 14), pursuant to Rule 15(a)(2) of the Fed. R. Civ. P., as "[t]he court should freely give leave when justice so requires."

On January 11, 2024, Plaintiff filed an amended complaint (D.E. 17), "**as a matter of course**," pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P., prior to Defendants' response.

On January 12, 2024, Defendant Montreat College filed a Motion to Dismiss [Plaintiff's one matter of course] Amended Complaint and Motion to Strike [Plaintiff's one matter of course] Amended Complaint (D.E. 18), and memorandum in support of the motion (D.E. 19) in which the motions were combined, violating Rule 7(b) of the Fed. R. Civ. P., and Local Civil Rule 7.1(c)(2): "Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading."

On January 24, 2024, the Court ordered the following, "Plaintiff's Motion for Leave to Amend Complaint (Doc. 20) is DENIED," without setting a time for Plaintiff to at least file an amended complaint, pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P, denying Plaintiff the right to file an amended complaint within 21 days from Defendant Montreat College's response, violating Rule 15(a)(1)(B).

4 of 11
Case 1:23-cv-00284-MR-WCM    Document 86    Filed 03/18/25    Page 4 of 11

On January 30, 2024, the Individual Defendants filed a **late** Motion to Dismiss [Plaintiff's justified] Amended Complaint (D.E. 24) in which the court freely gave leave as "justice so require[d]," pursuant to the <u>sua sponte</u> Order (D.E. 4), and memorandum in support of the motion (D.E. 25), but has **failed to provide rationale for the Individual Defendant's late response** to the amended complaint.

On June 21, 2024, Plaintiff filed a **voluntary dismissal** (D.E. 58), **prior** to an answer and a motion for summary judgement. Pursuant to Rule 41(a)(1)(A) of the Fed. R. Civ. P., "the plaintiff may dismiss an action **<u>without a court order</u>** by filing: (i) a notice of dismissal before the opposing party serves either an **answer** or a **motion for summary judgment**" in which Defendants **had not filed** such.

On June 24, 2024, Plaintiff refiled the Complaint in the Superior Court for Buncombe County, North Carolina (D.E. 1, Case No. 1:24-cv-235), per the **voluntary dismissal** (D.E. 58), **prior** to an answer, motion for summary judgement, and a final judgement.

On June 25, 2024, Plaintiff filed a new complaint in the Superior Court for Buncombe County, North Carolina, per the **state claims** (D.E. 1, Case No. 1:24-cv-225), per the **voluntary dismissal** (D.E. 58).

On November 4, 2024, per the Memorandum of Decision and Order (D.E. 63), the Court erroneously decided that "[a]llowing further amendment would prejudice the Defendants, as they would have to conduct further research and revise their pending motions to dismiss based on the new legal theories presented..."

This Court has prejudiced Plaintiff, as it failed to apply Rule 15(a)(1)(B) and Rule 15(a)(2) of the Fed. R. Civ. P., and provide rationale, resulting in infringement of Plaintiff's procedural due process rights.

Although Plaintiff earnestly seeks to present the case, this Court erroneously and intentionally deviates from procedural due process by denying – without rationale – the procedural right for Plaintiff to: 1) file an amended complaint, pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P., "as a matter of course," **uncontested** by Defendants, and Rule 15(a)(2) of the Fed. R. Civ. P., as "[t]he court should freely give leave when justice so requires," regarding the newly discovered prima facie evidence, **uncontested** by Defendants, which will aid in presenting the merits; 3) provide rationale regarding Plaintiff's pleadings, including, but not limited to, motions for entry of default, regarding Defendants' late filings, **uncontested** by Defendants.

Pursuant to Rule 11(c)(1) of the Federal Rules of Civil Procedure, "notice and a reasonable opportunity to respond" **must** be provided to the party; however, Defendants **failed to meet the requirement**, per their admission: "it would be infeasible for Defendants to issue Plaintiff Rule 11 violation letters, wait the required 21 days, and then move for sanctions every time Plaintiff engages in sanctionable conduct" (D.E. 78 at 9) in which **not one Rule 11 notice was issued**, preventing Plaintiff the rightful opportunity to correct any potential issues, implying there was no issue, whatsoever.

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, "The motion [for sanctions] **must be served under Rule 5**...." in which Defendants **failed to meet the requirement**.

Defendant's email (D.E. 78-1), **does not act as proper notice, as it was not served**, pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure: "The motion [for sanctions] must be served under Rule 5."

**Plaintiff (pro se litigant) has not consented to receive e-mail services, or electronic filing**.

Pursuant to Rule 5(b)(1)(E) of the Fed. R. Civ. P., a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served."

Defendants have **not contested** the following claims: 1) Defendants filed late filings; 2) Plaintiff had the right to file an amended complaint, "as a matter of course," pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P.; and 3) the prima facie evidence warrants an amendment, per Rule 15(a)(2) of the Fed. R. Civ. P.

The Court ought to Order Defendants to provide the reasoning for the: 1) **late responses**, including **removals**; 2) **uncontested prima facie evidence**; and 3) **CLAIM Plaintiff had "a matter of right" to file an amended complaint (Ex. 78-2 at 2)**. <mark>**Defendants concur Plaintiff had a matter of right.**</mark>

This Court still has not rationalized its decisions, while failing to apply Rule 15(a)(1)(B) and Rule 15(a)(2) of the Fed. R. Civ. P., resulting in an infringement of Plaintiff's procedural due process rights. It is reasonable for this Court to grant an amendment, as justice requires providing Plaintiff a fair opportunity to present the case, so it may be decided on its merits, rather than technical or procedural errors, or bias.

Discussion is absent, as the Court claims providing reasoning for the decisions and omissions is unnecessary, which is irrational. The Court ought to reasonably consider Plaintiff's claim the amendment of the state court, and the amendment of the federal court (ordered **sua sponte**), do not count as Plaintiff's one matter of course amendment (*see **Ramirez v. Cnty. of San Bernardino***, 806 F.3d 1002 (9th Cir. 2015). (holding: "We base our decision on a straightforward reading of the text of, as well as our own past remarks about, Rule 15. That is, we previously have considered the phrase matter of course as consonant with 'as of right, implying, if not expressly declaring, that Rule 15 confers **a 'right' to amend upon parties**. See Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir.2012) (parties have twenty-one days 'to amend as of right'); Rick–Mik Enters., Inc. v. Equilon Enters. LLC, 532 F.3d 963, 977 (9th Cir.2008) (explaining in pre-amendment context that until a responsive pleading is filed or a final judgment dismissing the case is entered, the plaintiff '**had an absolute right to amend**'); Shaver v. Operating Eng'rs Local 428 Pension Trust Fund, 332 F.3d 1198, 1201 (9th Cir.2003) (before a responsive pleading was filed and before the case was dismissed, the plaintiffs "had an **absolute right** to amend their complaint"); Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir.2001) ([Rule 15(a)] 'gives a plaintiff **one opportunity** to amend as of right. The district court [erred by] not afford[ing] this opportunity.'"); Worldwide Church of God, Inc. v. California, 623 F.2d 613, 616 (9th Cir.1980) ('[A] party may, **as a matter of right, amend its complaint once** before the filing of a 'responsive pleading' or the entry of final judgment....'). Thus, it is clear that we routinely have viewed Rule 15(a)(1)'s ability to **amend as a right**, one which is exhausted or limited only by the restrictions set forth in the Rule itself. In other words, before 2009, a plaintiff had the right to amend his complaint up until the point in time when a responsive pleading was filed or within twenty days after service of the pleading if no response was permitted and the case was not on the trial calendar. Since 2009, a plaintiff has the right to amend within twenty-one days of service of the complaint (15(a)(1)(A)), or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first (15(a)(1)(B)). The Plaintiff's 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his **automatic right to amend under 15(a)(1)**, so long as that amendment was timely.) (emphasis added).

## THIS MOTION IS TIMELY FILED

Plaintiff is a self-represented litigant who has **not consented** to receive e-mail services, or electronic filing, in which the **Court's failure** to provide Plaintiff required and reasonable notice of pleadings, orders, and deadlines has **substantially disadvantaged him, compromising his procedural due process rights**.

Pursuant to the Administrative Procedures Governing Filing and Service by Electronic Means, "Parties proceeding pro se shall not file electronically," restricting electronic filing, which is a substantive due process violation, particularly as it reduces Plaintiff's response and reply periods by at least 8 hours.

Pursuant to Rule 5(b)(1)(E) of the Fed. R. Civ. P., a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served."

On March 5, 2025, Defendants filed a Motion for Gatekeeper Order and Other Sanctions (D.E. 78), rather than filing oppositional responses to Plaintiff's Motion to Alter or Amend (D.E. 79) and Extension of Time to File an Appeal (D.E. 80).

Adding 7 days to March 5, 2025 is March 12, 2025.

Pursuant to Rule 6(d) of the Fed. R. Civ. P., "When a party may or must act within a specified time after being served and service is made under rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under rule 6(a)."

Adding 3 days to March 12, 2025 is **March 15, 2025**.

March 15, 2025 is a Saturday.

Pursuant to rule 6(a)(1)(C) of the Fed, R. Civ. P., "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Monday, **March 17, 2025** is the reply deadline, **if** Defendants mailed the pleading on the filing date, **as service was made via mail**, pursuant to Rule 5(b)(2)(C), but it was postmarked on March 6, 2025.

Therefore, **March 6, 2025** is considered the commencement date of the reply period.

Adding 7 days from March 6, 2025 is March 13, 2025, which is the expiration date in which "3 days are added after the period would otherwise expire," pursuant to Rule 6(d) of the Fed. R. Civ. P., establishing the deadline date as March 16, 2025, Sunday; extended through the weekend, or holiday, is **March 17, 2025**.

Thus, **March 17, 2025** is the accurate reply period deadline date, which has not expired.

The Court neither issued notice of Defendants' Motion, nor a reply deadline order.

Plaintiff respectfully requests an opportunity to plead his rights and innocence via **oral arguments**, and a **jury trial**, pursuant to the Seventh Amendment of the United States Constitution and the applicable rules of civil procedure in which this Court erroneously denied him the opportunity to amend the Complaint, pursuant to Rule 15(a)(1)(B) and Rule 15(a)(2) of the Fed. R. Civ. P., including the right to present evidence, cross-examine witnesses, file motions, and participate in a fair trial on the merits.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter an order granting: 1) Plaintiff's Motion to Dismiss Defendants' Motion for Gatekeeper Order and Other Sanctions; 2) Plaintiff the opportunity to file an amended complaint, pursuant to Rule 15(a)(1)(B) of the Fed. R. Civ. P., "as a matter of course," and Rule 15(a)(2) of the Fed. R. Civ. P., as "[t]he court should freely give leave when justice so requires," regarding the newly discovered prima facie evidence, which will aid in presenting the merits of the case; and 3) procedural requirement for the Court to provide rationale for its decisions, including, but not limited to, the denial of Plaintiff's motions for entry of default, filed prior to Defendants' late responses and removals, including this case and the refiled cases, after the voluntarily dismissal.

9 of 11
Case 1:23-cv-00284-MR-WCM   Document 86   Filed 03/18/25   Page 9 of 11

## PLAINTIFF'S FINANCIAL STATEMENT

Defendants have substantially injured Plaintiff, causing him to incur significant litigation costs, resulting in substantial financial debt and severe emotional distress, depriving him of economic and educational performance, opportunities, and benefits, including a bachelor's degree.

Plaintiff's approximate **debt** is $97,5000, as follows:

Educational debt: $60,000; Credit card debt: $7,500; Auto debt: $30,000.

Plaintiff's approximate **monthly payments** are $3,500, as follows:

Housing: $500; Auto: $650; Auto insurance: $200; Phone: $50.00; Education: $500 (unless deferment is continually granted); Food: $300; Fuel: $100; Miscellaneous: $300; Credit card: $900.

Approximate net **monthly income**: $3,500.

Plaintiff's approximate monthly available funds are: **$0.**

Savings: $350.

Respectfully submitted, this the 17th day of March, 2025.

By: *Ryan Stevens*

Ryan Craig Stevens
23 Sleepy Hollow Lane
Swannanoa, NC 28778
(865) 469-1950
Ryan_Stevens316@icloud.com

Plaintiff in pro se

10 of 11
Case 1:23-cv-00284-MR-WCM    Document 86    Filed 03/18/25    Page 10 of 11

## CERTIFICATE OF SERVICE

I, PLAINTIFF, hereby certify the foregoing was filed, this day, by delivering it to the clerk, and a copy executed, contemporaneously, to be served upon Defendants' counsel, via the United States mail, addressed as follows:

>Beth Tyner Jones, N.C. State Bar No. 15923
>Jesse A. Schaefer, N.C. State Bar No. 44773
>Womble Bond Dickinson (US) LLP
>555 Fayetteville Street, Suite 1100
>Raleigh, NC 27601
>Telephone: (919) 755-8125
>Facsimile: (919) 755-6752
>Email: Jesse.Schaefer@WBD-US.com
>Email: Beth.Jones@WBD-US.com
>
>Counsel for Defendants, Montreat College, et al.

This the 17th Day of March, 2025.

By: _____/s/ Ryan Stevens_____

>Ryan Craig Stevens
>23 Sleepy Hollow Lane
>Swannanoa, NC 28778
>(865) 469-1950
>Ryan_Stevens316@icloud.com
>
>Plaintiff in pro se