IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00284-MR-WCM

| | |
|---|---|
| **RYAN CRAIG STEVENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **MONTREAT COLLEGE, DR. PAUL** ) | |
| **J. MAURER, DR. DANIEL BENNETT,** ) | |
| **DR. DOROTHEA SHUMAN, and** ) | |
| **DR. RYAN ZWART,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's "Motion for Relief from Judgment under Rule 60(b)" [Doc. 89].

## I. PROCEDURAL BACKGROUND

The lengthy procedural history of this case is detailed in prior orders of this Court and will not be repeated in full here. [See Docs. 21, 32]. The Plaintiff Ryan Craig Stevens originally filed suit in Buncombe County Superior Court on October 25, 2022, alleging several federal civil rights claims related to his time as a student at, and his eventual expulsion from, Montreat College. [Doc. 1]. The Plaintiff named as Defendants Montreat College, as well as Dr. Paul J. Maurer, Dr. Daniel Bennett, Dr. Dorothea

Shuman, and Dr. Ryan Zwart (collectively, "the Individual Defendants"). On October 6, 2023, prior to service on the Individual Defendants, Montreat College removed the action to this Court. [Id.]. The Plaintiff thereafter filed his Second Amended Complaint on December 29, 2023. [Doc. 14].

The Plaintiff subsequently attempted to file a Third Amended Complaint and a Fourth Amended Complaint. [Docs. 17, 45]. Both of these pleadings were stricken. [See Docs. 21, 63]. After the Court struck those complaints from the record, the Plaintiff filed new lawsuits asserting the same claims in an attempt to circumvent the Court's rulings. [See Case No. 1-24-cv-00225-MR-WCM, Doc. 1-1; Case No. 1-24-cv-00235-MR-WCM, Doc. 6].

The Defendants moved to dismiss the Plaintiff's Second Amended Complaint in the present action. [Docs. 18, 24]. On November 4, 2024, the Court entered an Order granting the Defendants' motions to dismiss and dismissing this action with prejudice. [Doc. 63]. A Clerk's Judgment was entered that same day. [Doc. 64]. On December 11, 2024, the Plaintiff filed motions seeking leave to file another amended complaint as well as reconsideration of the Order granting the Defendants' motions to dismiss. [Docs. 66, 67]. On January 27, 2025, the Court entered an Order denying

the Plaintiff's motions.[1]  [Doc. 75].  In that Order, the Court warned the Plaintiff that future frivolous filings would result in the imposition of a pre-filing review system.  [Id. at 7-8].

In March 2025, the Plaintiff filed another motion seeking to alter or amend the Judgment [Doc. 79], which the Court denied [Doc. 83].  The Plaintiff also sought an extension of time to file an appeal [Doc. 80], which the Court denied as well [Doc. 84].  In November 2025, the Plaintiff filed the present motion, moving "for relief from [the Court's] Order (D.E. 20) and [Clerk's] Judgment in Case (D.E. 21), entered on January 27, 2026, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure."  [Doc. 89 at 1] (errors uncorrected).[2]

## II. DISCUSSION

This is the third motion for relief pursuant to Rule 60(b) that the Plaintiff has filed since the dismissal of this action in November 2024.  In addition to being untimely, the motion raises the same frivolous arguments that have already been considered and rejected by this Court.

---

[1] On that day, the Court also dismissed the other two civil actions filed by the Plaintiff. [See Case No. 1-24-cv-00225-MR-WCM, Docs. 20, 21; Case No. 1-24-cv-00235-MR-WCM, Docs. 15, 16].

[2] Although the Plaintiff filed this motion in his original action, No. 1:23-cv-00284-MR-WCM, the Order and Judgment that he references—Documents 20 and 21—were in fact entered in his second civil action, No. 1:24-cv-00225-MR-WCM.

As this Court previously has noted [Doc. 75], the Plaintiff is an abusive and prolific filer, and he already has been warned that future frivolous filings would result in the imposition of a pre-filing review system. A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. As noted above, the Plaintiff has filed numerous frivolous actions in this Court. Despite multiple Orders clearly explaining the baselessness of the Plaintiff's filings and warning him of possible sanctions, the Plaintiff continues to file his meritless pleadings. These filings are burdensome, as they have caused the Defendants and the Court to expend considerable time and resources in addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the

Courts for his legitimate concerns, but will prevent [her] from usurping the Court's resources with his baseless submissions." Id. at *3.

**IT IS, THEREFORE, ORDERED** that the *pro se* Plaintiff's "Motion for Relief from Judgment under Rule 60(b)" [Doc. 89] is **DENIED**.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the entry of this Order, the Plaintiff shall file a single document, not to exceed more than three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

IT IS SO ORDERED.

Signed: November 10, 2025

Martin Reidinger
Chief United States District Judge